WILLIAM SHEPPARD v. THOMAS HARRISON.

(Case No. 877.)

1. GRANT — CONSTRUCTION.— In construing a grant emanating from competent authority prior to 1836, all the instruments which were referred to and embraced by the commissioners in the *expediente* formed parts of the title, and may be referred to for the correction of errors and mistakes made in parts of it. The legal effect of the *expediente* must be determined from considering the whole, and not a portion of it.

2. SAME.— In construing a grant emanating under the laws of Mexico, when, from the application to the alcalde, the consent given by

the empresarios for the survey, the order for survey and the survey, it appears for whom the grant was intended, the omission of the grantee's name from the final act of the alcalde will not vitiate the grant, when by the recitals, and references to the preceding instruments of the *expediente*, it clearly appears for whom it was intended.

3. SAME.— When such an instrument was recognized as a valid grant by the judicial officers of the government contemporaneous with its date, as well as by those of the government which succeeded, its validity cannot be questioned at the instance of a stranger on account of the mere clerical omission of the name of the grantee in the final act of possession, when the other portions of the *expediente* plainly show for whom the grant was intended.

4. PROTOCOL — EVIDENCE.—A certified copy of the protocol of a grant on deposit in the general land office is sufficient to establish title in the grantee, without accounting for the *testimonio* or showing that one had in fact issued.

5. PRESUMPTION OF GRANT.— See opinion for facts sufficient to authorize the presumption of a grant.

APPEAL from Falls.    Tried below before the Hon. L. C. Alexander.

Suit by appellant in trespass to try try title.    The defendant pleaded, 1. Not guilty.    2. The presumption of a grant in his favor.    3. That the title and possession of defendant were protected by the constitution of 1876, art. 14, sec. 2.

The plaintiff relied for title on proving himself the owner of a valid land certificate, and the location of the same in March 26, 1878, on land covered by the Martinez survey.

The defendant offered in evidence, 1. The petition of Marcelino Martinez for a concession of three leagues of land.    2. A concession to him by the governor February 9, 1831.    3. Consent of the empresarios, Austin & Williams, to locate the same in their colony.    4. Order of survey by the alcalde.    5. Survey and return of survey by F. W. Johnson, the principal surveyor of Austin & Williams.    6. Final title, dated October 18, 1833.    The final title, or act of possession, appears formal in all its

parts, but fails to mention the name of the grantee. The above referred to papers, constituting the *expediente* of title, are found in the land office, stitched together in that portion of a book containing perfect titles, in the hand-writing of Samuel M. Williams, colonial secretary. The survey was delineated on the earliest map of the country, and on all maps, district and county, that have been officially prepared. The land described was used and disposed of by Robert Barrett Travis, curator of Martinez, in discharge of the obligations of Martinez incurred during his lifetime, under the orders of a court exercising jurisdiction. Portions of the land were occupied and claimed by vendees claiming under Martinez, for twenty-five years before the beginning of the suit.

The paper relied on as final title in the *expediente* recites the previous sale of three sitios of land to Martinez by the government, "as appears by the superior decree of sale, dated in the city of Leona Vicario on the said 9th day of February, 1831, issued by the secretary of the said supreme government, presented (one line blank), contained on the third and fourth sheets of these proceedings, . . . and in consideration of the approval given by the empresarios, Austin and Williams, contained on the reverse of the first sheet of these proceedings . . . In the name of the state I confer and put into possession, real, corporeal, actual and virtual, unto the said —— —— (one line blank) of the three leagues of land, the same which were applied for, and sold to him, by the government on the Brazos river, the limits and landmarks of which are set forth in the field notes returned by the scientific surveyor, F. W. Johnson, on the second sheet, and reverse of these proceedings with the shape represented on the annexed map . . . I issue the present instrument, and order that a *testimonio* of it be transcribed and delivered to the party interested, that he may own and enjoy the tracts of land sold to him.

Judgment for the defendant, from which plaintiff appealed.

[No brief on file for appellant.]

*Thomas Harrison,* for himself.

Moore, Chief Justice.— This is an action of trespass to try title brought by appellant, Wm. Sheppard, against appellee, Thomas Harrison, for six hundred and forty acres of land, which he claims by virtue of the location of a valid land certificate and survey thereof on the 26th day of March, 1878.

On the trial of the case, appellee Harrison gave in evidence in support of his claim of title, a certified translated copy of a grant or instrument made by Luke Lessassier, alcalde of the municipality of San Felipe de Austin, on the 18th day of October, 1833, in conformity with a concession in sale by the governor of Coahuila and Texas to Marcelino Martinez, dated 9th day of February, 1831. As plaintiff admitted that whatever title, if any, was divested out of the government by this instrument had been acquired by Harrison, and that the land sued for was embraced in the survey made by said concession to Martinez, if the act of Lessassier should be held to be a full, effectual and final grant of the land embraced therein to Martinez or to his curator, William Barrett Travis — or if not, if the evidence in the record, in connection therewith, is sufficient to warrant the presumption of a grant of the land to Martinez or Travis, the judgment of the court in favor of Harrison was correct.

We have not had the benefit of a brief or argument on behalf of appellant in our consideration of this case, and cannot say with certainty what were the precise objections which were made to appellee's title on the trial in the district court, but we infer from appellee's argument and the matters in the record that the alleged grant by

Lessassier was claimed to be void for want of a grantee, there being a blank in the final act of Lessassier where the name of the grantee should be, or at least where the name of the grantee usually appears in instruments of this character. Or that the blanks found in the instrument indicate that it was incomplete. And it not having been shown that a *testimonio* had been issued, therefore it must be concluded that said instrument had remained in the custody of Lessassier as an incomplete and unfinished grant.

To these objections it will suffice to say, that all the instruments which are referred to and embraced by the commissioners in the *expediente* form parts of the title, and may be referred to for the correction of errors and mistakes in other parts of it; that its legal effect must be determined by a whole, and not from a single part. Looking at this grant as an entirety, there can be no question for whom it was intended, and to whom, and in what right it should have been and was in fact made. The application to the alcalde for a grant was made by Travis as curator of Martinez; the consent for its survey for him as such curator was given by the empresarios of the colony in which the land is situate; the order for survey was of a similar character, and the survey shows on its face that it was made for him as curator in pursuance of this order. The final act of the alcalde, although the name of the grantee was omitted, by its recitals and references to the preceding instruments, shows to whom and in what right it was made. Clay *v.* Holbert, 14 Tex., 189; Ruis *v.* Chambers, 15 Tex., 586; McGehee *v.* Dwyer, 22 Tex., 435; 15 Md. (63 Gill), 236; Shep. Touch., 75-6; Helm *v.* Handley, 1 Littell (Ky.), 219.

Contemporaneous with its date, it was recognized and treated by the judicial officers and tribunals of the country, as well as parties interested, as a complete and final grant of the land to Travis as curator of Martinez, and it is now

much too late, after its long and repeated recognition by all the officers and departments of the government from which it emanated, as well as that which succeeded, for it to be set aside at the instance of a stranger for the mere clerical omission of the name of the grantee. Especially must this be so, when, as has been said, other parts of the title plainly show to whom the grant was made.

The execution or final completion of the grant is evidenced by the signature of the alcalde and his assisting witnesses. That a certified copy of the protocol on deposit in the general land office is evidence sufficient to establish the title of the grantee and those claiming under him, without accounting for or showing that a *testimonio* had in fact issued, is much too fully shown in repeated decisions in this court to warrant a reference to authorities. This has been held even where the execution of the instrument was not full and complete, but was done in the presence of only one assisting witness. Clay *v.* Holbert, 14 Tex., 189; Ruis *v.* Chambers, 15 Tex., 586.

But if it should be held that the final title was imperfect and never fully completed for want of the insertion of the name of the grantee, we are of the opinion that the facts exhibited in the record are abundantly sufficient in warranting the presumption of a grant to Travis as curator of Martinez.

It will be noted that the presumption of a grant in this case does not rest alone on the bare fact of the long continued possession by the appellee and his vendees. It is indisputably shown that the party in whose favor the presumption is asked to be indulged, was justly entitled to a grant; that nothing remained for its legal consummation but the bare fact of the drawing up and executing a proper instrument to evidence a final title; no legal impediment was or could be interposed. That contem-

poraneous with the supposed grant, it was, as we have said, recognized as such by the tribunals of the country and the parties in interest as having been consummated. From that day to the date of appellant's file upon the land, it continued to be so recognized by all the officials of the government in any way connected with the administration of the laws relating to or affecting the public domain, and its disposal. These facts, connected with the long possession and payment of taxes, are amply sufficient to justify the presumption of a grant, even if it is admitted that supposed final title under which it had been held for so long a time was incomplete by reason of the omission of the name of the grantee, to whom it should have been issued. Grimes *v.* Bastrop, 26 Tex., 314.

AFFIRMED.

[Opinion delivered December 8, 1880.]