## BAILEY & POND V. TINDALL AND WIFE.

### (Case No. 3985.)

1. VENDOR'S LIEN — PURCHASER.— One who acquires a deed of trust on land to se-
cure a pre-existing indebtedness, in ignorance that the maker of the deed held the
land subject to a vendor's lien for unpaid purchase money, and who at trust sale
becomes the purchaser, by crediting the pre-existing debt with the amount of his
bid, paying no new consideration, takes the title subject to the vendor's lien. This
case distinguished from Wallace v. Campbell, 54 Tex., 90.

APPEAL from Robertson.    Tried below before the Hon. Spencer
Ford.

Suit by T. P. Tindall and wife to recover against E. W. Pierce
$1,500, balance of the purchase money due them on a sale of a tract of
land, and for the foreclosure of the vendor's lien on two hundred acres
of the same.    The petition alleged that the sale was made the 3d of
December, 1872.    They filed a supplemental petition making G. M.
Bailey and B. M. Pond parties defendant, alleging that they (the
appellants) had purchased the two hundred acres of land on the
21st of January, 1875, under a trust deed executed to them by
Pierce on the 24th of December, 1873, after being notified by the
plaintiff T. P. Tindall of "the defectiveness of said Pierce's title."

Pierce answered by general demurrer and general denial; Bailey
& Pond filed general demurrer and special exceptions, general de-
nial, and for special answer they alleged that on the 3d day of
December, 1872, plaintiffs delivered to defendant E. W. Pierce a
deed described in plaintiffs' amended petition, in which deed it was
recited that the purchase money had all been paid; this deed was
placed on record in Robertson county, and subsequently Bailey &
Pond, relying upon the acknowledgment of payment of all the pur-
chase money on the land, and the assurance of Pierce that he was
the owner of it in law and equity, gave to him a credit, and subse-
quent to the deed of plaintiffs to E. W. Pierce, without any notice
of plaintiffs' lien.    Bailey & Pond gave credit, and defendant
Pierce, on the 5th day of June, 1873, gave them his promis-
sory note for said indebtedness for $2,094.50, with ten per cent. in-
terest, this being the amount of Pierce's indebtedness to Bailey &
Pond at the date of the note, and at this time defendants had no
notice of the lien set up by plaintiffs; that on the 24th December,
1873, to secure said note, defendant Pierce made and delivered to
W. Kemp, for the benefit of defendants, a deed of trust on the tract of
land, giving to them a lien on the two hundred acres, and the trustee,
W. Kemp, was authorized to sell the same to satisfy the note, in

case the same was not paid on or before the 1st December, 1874, defendants still having no notice of plaintiffs' pretended lien; that pursuant to the trust deed the two hundred acres were sold on 21st January, 1875, and bought by Bailey & Pond at $2,000, which amount was credited on the note; that Kemp, trustee, made to Bailey & Pond a deed of conveyance for the two hundred acres; that Bailey & Pond were the owners of the land and plaintiffs ought not to enforce their pretended lien.

Judgment for plaintiffs for $1,100 against E. W. Pierce, and a vendor's lien foreclosed on the two hundred acres of land, which was decreed to be sold to satisfy the judgment.

Bailey & Pond appealed.

*Collard & Field*, for appellants, cited Pasch. Dig., art. 4988; Briscoe *v.* Bronaugh, 1 Tex., 336; Grace *v.* Wade, 45 Tex., 524–532; Cavanaugh *v.* Peterson, 47 Tex., 205–7; Ayres *v.* Duprey, 27 Tex., 606–8.

*Wm. H. Hamman*, for appellees.

WALKER, P. J. COM. APP.— The facts relied on in the special answer of Bailey & Pond were substantially proved. If Bailey & Pond, being the *cestuis que trust* in the deed of trust executed to them to secure their indebtedness from Pierce, were innocent purchasers for value, without notice of plaintiffs' lien, undoubtedly they are entitled to be protected against it. The deed to Pierce from plaintiffs was an absolute conveyance of the land, and acknowledged the payment of the consideration. "It is well settled that a vendor's lien cannot be enforced against one holding title under the first vendee by deed, provided the purchase money has been paid before or without notice of the lien." McAlpine *v.* Burnett, 23 Tex., 650. It is evident that if Pierce had conveyed the land, after he obtained the deed, to a purchaser without notice of the existence of a vendor's lien, for a valuable consideration, which had been paid, such purchaser would take the title exempt from the lien. A mortgage or deed of trust stands upon the same footing as a conveyance by deed. 2 Story's Eq. Jur., § 1502, note 2. "The mortgagee," says Lord Hardwicke, "is a purchaser *pro tanto*." See note 2 above.

But Bailey & Pond do not bring themselves within the protection of the principle which has been stated. The debt which their deed of trust was intended to secure was an existing, precedent debt due to Pierce when the deed of trust was executed; they gave no additional consideration to procure it.

Justice Moore, in Ayres *v.* Duprey, 27 Tex., 606, said: "To constitute a person a *bona fide* purchaser, he must have advanced the consideration for the purchase. It will not constitute a *bona fide* purchaser, that the creditor bids off the premises, and applies the bid on his judgment. That is a precedent debt, and the consideration is not advanced upon the faith of the purchase."

In Wallace *v.* Campbell, 54 Tex., 91, it was held, it is true, that a judgment creditor who purchases at execution sale, and has the amount of his bid credited on the execution, may be considered a *bona fide* purchaser; but that decision does not extend the principle under consideration beyond the point decided, and the rule applicable to a judgment creditor rests upon its own reasons of policy and expediency, and the decision leaves the principle to be applied to other cases as before. See, also, remarks of Chief Justice Roberts in Ellis *v.* Singletary, 45 Tex., 40, on the point above referred to in Wallace *v.* Campbell, indicating the inclination of the courts, for the sake of expediency, to combat the unqualified application of the general rule, to the extent of excepting judgment creditors from its operation where they purchase under their own judgments, and apply their bids to their satisfaction.

The evidence fails to show that Bailey & Pond were purchasers for a price paid, or a valuable consideration; but to the contrary, that they acquired the deed of trust to secure an antecedent indebtedness. Their equity, therefore, is subordinated to that of the plaintiffs, and they, as purchasers with notice given to them at the trustee's sale of the property, acquired a title to it which was subject to the plaintiffs' lien as vendors. Between equities, the established rule is that he who has the prior equity in point of time is entitled to the like priority in right.

We conclude that the judgment ought to be affirmed.

AFFIRMED.

[Opinion approved June 5, 1883.]