No. 2330.

## W. F. GILBERT *v.* MORGAN ODUM ET AL.

1. EVIDENCE—ADMISSION.—A paper filed in the county court by an administrator who was also an heir of the intestate, and which was filed among the papers pertaining to the administration, recited, that since filing the inventory the administrator had become satisfied on information derived from the other heirs that one-half of certain designated property in the inventory belonged "to Louis King." In a suit for the property by one claiming under Louis King, and against a purchaser from the heirs of the intestate, *held* that the paper was not admissible in evidence.

2. SAME.—It is error to permit a witness to testify that he never owned title to land when the title is the matter in controversy. Title, or absence of title is a conclusion of law to be determined from facts.

3. SAME.—When the issue is whether the land in controversy was purchased and paid for with the money of a deceased party, who was the apparent owner, his declarations to the effect that the land was purchased and paid for by him are not admissible.

ERROR from Jefferson. Tried below before the Hon. W. H. Ford.

*O'Brien & John,* for plaintiff in error: The court erred in excluding from the evidence that part of the record of the administration of the estate of E. T. Smith by N. H. Smith, his brother, in the probate court of Jefferson county, which exhibited a claim of Louis King that he had a half interest in the property in controversy, and the admission under oath of such

claim by said N. H. Smith.   (Wheeler v. Styles, 28 Texas, 246;
Lacoste v. Bexar County, 28 Texas, 424; Rector v. Hudson, 20
Texas, 236; Bradshaw v. Mayfield, 18 Texas, 27; Portis v. Hill
30 Texas, 561; Townsend v. Munger, 9 Texas, 300; Tuttle v.
Turner, 28 Texas, 771; Horton v. Reynolds, 8 Texas, 287; Wells
v. Fairbanks, 5 Texas, 583; Pierson v. Tom, 10 Texas, 577; Bur-
leson v. Goodman et al., 32 Texas, 230; Zacharie v. Waldrom,
54 Texas, 503; Gunter v. Fox, 51 Texas, 383; Echols v. McKie,
50 Texas, 42; Grinnan v. Dean, 62 Texas, 220.)

The court erred in excluding from the evidence that part of
the testimony of witness F. C. McReynolds offered by plaintiff,
both before and after the reading of the deposition of Louis
King, and objected to by defendants, to the effect that the said
Louis King had on different occasions, about the time of and
after the purchase of said property from T. R. Jackson and wife,
and whilst in possession and occupancy of said premises, in-
formed witness, that said purchase was for him, said King, and
the purchase money paid by him.  (Hodges v. Johnson, 15
Texas, 573; Horton v. Reynolds, 8 Texas, 287; Wells v. Fair-
banks, 5 Texas, 583; Jernigan v. Wainer, 12 Texas, 193; Wright
v. Linn, 16 Texas, 35 to 46; Linn v. Wright, 18 Texas, 317; Id.,
18 Texas, 324 et seq.; Carleton v. Baldwin, 27 Texas, 573; Martel
v. Somers, 26 Texas, 558; Garahy v. Bayley & Company, 25
Texas Supp., 295 and 303; Garahy v. Green, 32 Texas, 202 to 204;
Wallace v. Wilcox, 27 Texas, 67 and 63; Harnage v. Berry, 43
Texas, 570; Carter v. LaGrange, 60 Texas, 636; Evansich v. G.
C. & S. F. R'y Co., 61 Texas, 27; Mooring & Lyon et al. v. Mc-
Bride, 62 Texas, 309; 1 Greenleaf Ev., 109.)

The court erred in admitting as evidence the answer of Louis
King to (the defendant's) fourth (direct) interrogatory, to the
effect "that he did not own and never did own any interest in
the property in controversy" over plaintiff's objection that the
question and answer were (as to a conclusion) of matter of law
and incompetent.   (O'Brien v. Hilburn, 22 Texas, 616, 620, 624;
Carleton v. Baldwin, 27 Texas, 573; Clardy v. Callicoate, 24 Texas,
172, and authorities therein cited; Haynie v. Baylor, 18 Texas,
503, 509; Cooper v. The State, 23 Texas, 336; Byrnes v. Morris,
53 Texas, 217; Williams et al. v. Davis, 56 Texas, 250; H. & T. C.
R'y Co. v. Reason, 61 Texas, 616; Rosenthal, Meyer & Co. v.
Middlebrook, 63 Texas, 335; Hancock v. Horan, 15 Texas, 512.)

*H. L. Leonard,* for defendants in error.

MALTBIE, PRESIDING JUDGE. The plaintiff in error, W. F. Gilbert brought this suit in the district court of Jefferson county, against Morgan Odum and L. P. Ogden, alleging that he was the owner of an undivided one-half interest in certain lots in the town of Sabine Pass, and that defendants owned the other half, and prayed for partition of the same. Defendants denied plaintiff's claim, and averred that they were the exclusive owners of the lots, and prayed that they might be quieted in their title and possession. Both parties claimed from T. R. Jackson and wife, as a common source, who on the fifth day of February, 1875, made a deed to the land, to Elias T. Smith with a covenant of general warranty. Plaintiff claimed title to one-half of the land through deeds derived from sales under judgment and executions against Louis King, and averred that Elias T. Smith purchased the land with the money of King and wife, and held it in trust for them; that King caused the conveyance to be made to Smith to prevent the property from being subjected to his, King's, debts. Defendants claimed through deeds made by the heirs of Elias T. Smith, who had died about the year 1877. Administration had been opened in the county court of Jefferson county on the estate of Elias, by his brother Niles H. Smith, who made an attempt to sell the land, but failed to carry it into execution, and all of the heirs of Elias, including N. H., in his individual capacity, united in conveying the land, as before stated. During the progress of the trial, plaintiff offered in evidence an exhibit under oath, filed in the county court by Niles H. Smith, administrator of the estate of Elias T. Smith in the matter of his estate, but which was not acted upon by the court, reciting that since filing the inventory of Elias's estate, that he had become satisfied, from information derived from the other heirs of the estate, that one-half the property set out and claimed therein, is the property of Louis King, as claimed by him, which was excluded by the court, and the ruling is now insisted on as erroneous.

It is not apparent upon what grounds counsel supposed the court erred in rejecting the evidence offered, the assignment being general and there being no suggestions why the ruling is deemed erroneous. It is presumed, however, that the exhibit was offered as an admission of Niles H. Smith, administrator and heir of the estate of Elias T. Smith. The fact that it was made in the course of the administration of the estate, would not authorize its admission, but it must also be competent evi-

dence and pertinent to the issue. ⌐It does not appear that Niles
H. Smith had personal knowledge as to the ownership of the
land, but it is declared in the exhibit that he had become satis-
fied from information derived from others, that one-half of the
land belonged to Louis King. We are of opinion, that notwith-
standing the form of the declaration, and the fact that it was
made in the course of judicial proceedings, that it was hearsay
and inadmissible.⌐ The protest of Louis King and Homer King,
filed in the county court to the sale of the property, claiming
that a one-half interest in it belonged to them, was a self serving
declaration in the nature of hearsay, and clearly inadmissible.

It is insisted that there was error in refusing to admit the tes-
timony of F. C. McReynolds, offered both before and after the
deposition of Louis King had been read by defendants, to the
effect that, about the time of the purchase of said property, and
also while Louis King was in possession of the premises, he
informed the witness that he furnished the money and that the
property was purchased for him. This assignment is predicated
on plaintiff's third bill of exceptions, from which it appears that
he proposed to prove the admissions and declarations of Louis
King to McReynolds; but it does not appear what the declara-
tions and admissions were, that the witness would testify to, and
therefore it is impossible for us to know whether material or not,
if otherwise unobjectionable. But, if the bill of exceptions was
sufficient, it is not perceived for what purpose the declarations
of Louis King, while in possession of the premises or at any
other time, were offered in evidence except as tending to prove
title in himself; for which purpose they were not admissible.
(Mooring & Lyon v. McBride, 62 Texas, 312.) Nor would the
fact that Louis King had testified in the case, at the instance of
defendants, make his declarations, which were otherwise incom-
petent, admissible in evidence. There was error in permitting
the witness King, in answer to a question, to state that he did
not and never did own any interest in the property in contro-
versy, for the reason that title or the want of title in real estate
is a conclusion that the law draws from a given state of facts.
There was error, however, in permitting the witness, N. H.
Smith, in answer to a question propounded by defendants, to
state that Elias T. Smith, in his life time, had told witness that
he, Elias, had purchased and paid for the lots in question for a
home in town. This declaration is in the interest of Elias T.
Smith, hearsay, and inadmissible; and, as a material issue in

the case is, whether the lots were purchased with the money of Elias T. Smith or Louis King, it necessitates a reversal ·of the judgment.

We have examined the other assignments and find no material error; but, on account of the error referred to, we are of the opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Opinion adopted February 7, 1888.