**SABINAL NAT. BANK et al. v. CUNNINGHAM et al. (No. 21.)**

(Court of Civil Appeals of Texas. Waco. Nov. 22, 1923.)

**1. Evidence ☞273(4)—Declarations of husband admissible as against interest and to show character of possession.**

Declaration of intestate's husband, while in possession, that the land in controversy belonged to his wife, and that he did not claim any interest therein, are admissible as against his interest and to show the character of possession claimed, though he is still living and able to attend court, and were also admissible against those who claimed under him, unless they were innocent purchasers for value.

**2. Evidence ☞273(3)—Self-serving declarations made in deed after owner out of possession held inadmissible.**

Declarations made by intestate's husband, contained in a deed to his daughter, that property deeded to his wife had been paid for with community funds and was community property, were self-serving declarations, and, being made after he had left the property as far as his other children were concerned, were hearsay and inadmissible.

**3. Mortgages ☞154(4)—Bank taking deed to secure debt past due held not innocent holder.**

A bank which took a deed of trust on property conveyed by intestate's husband to his daughter, which was to secure a debt already past due, owing from her, was not an innocent holder for value, where the record title was in intestate and bank knew of her intestacy, and no inquiry was made as to who was in possession of the property, nor as to the interest intestate's husband claimed.

**4. Husband and wife ☞270(9)—No error in refusing charge that property deeded to wife was presumed community property.**

No error was committed in refusing to charge that property deeded to the wife was presumed to be community property, where the court submitted to the jury the issues whether the funds that went into the property were the separate funds of the wife, and it was intended that the property should be her separate estate at the time the deed was executed, and placed the burden on the parties seeking to establish the affirmative of such issues, to do so by preponderance of testimony.

**5. Husband and wife ☞119(3), 121—Property bought with wife's funds and intentionally deeded to her becomes her separate estate.**

If the wife's funds were used to purchase property deeded to her, or if the husband intended, when the deed was made that title should vest in her, the property became her separate estate.

Appeal from District Court, Falls County; John Watson, Judge.

Action by Mrs. Fannie Cunningham and others, against Mollie Hughes and the Sabinal National Bank. From the judgment rendered, defendants appeal. Affirmed.

L. Old, of Uvalde, and H. C. King, of Sabinal, for appellants.

Sam R. Scott, of Waco, for appellees.

BARCUS, J. H. T. Herring and wife, L. J. Herring, were married in 1867, and lived together as man and wife until August, 1919, when Mrs. Herring died, intestate. There was no administration on her estate, and it was agreed that none was necessary. In 1887, E. T. Phillips conveyed to Mrs. L. J. Herring 116 acres of land in Falls county. There was nothing in the deed to show that it was intended as her separate property. Mr. and Mrs. Herring occupied the land as their homestead until the death of Mrs. Herring. Since Mrs. Herring's death H. T. Herring has lived with his daughter, Mrs. Hughes, at Uvalde, Tex., and J. C. Herring, one of the appellees, has been in possession of the land, working same and paying rent to his father, H. T. Herring.

On September 15, 1921, H. T. Herring conveyed his interest in the land to his daughter, Mrs. Mollie Hughes. On October 17, 1921, Mrs. Hughes, a widow, executed a deed of trust on her interest in the property to the Sabinal National Bank, to secure a debt which she owed at that time to the bank of about $2,300.

Appellees, being all of the heirs of Mrs. L. J. Herring, deceased, except Mrs. Mollie Hughes, filed this suit on April 14, 1922, against appellants, Mrs. Mollie Hughes and the Sabinal National Bank, for a partition of the land. Appellees claimed that the 116 acres of land was the separate property of their mother, Mrs. L. J. Herring, and that they owned four-fifths and that Mollie Hughes owned one-fifth interest therein; and that the Sabinal National Bank was entitled to a lien on only the Mollie Hughes' one-fifth interest.

The Sabinal National Bank answered by general demurrer, plea of not guilty, and specially pleaded that it was an innocent purchaser for value, in that, at the time it took its deed of trust to secure the note, it was represented to the bank by Mollie Hughes that she owned a one-half plus a one-fifth interest in the land, and that it did not have any notice of any claim of the appellees to the property at the time it took said deed of trust. The appellant Mollie Hughes by her answer claimed that she was the owner of an undivided one-half of the property by deed of conveyance from her father, H. T. Herring, and entitled to one-fifth of the remaining half interest as an heir of her mother, Mrs. L. J. Herring.

There were two issues submitted to the jury: (1) Was the consideration for the deed of date September 21, 1887, from E. T. Phillips to L. J. Herring paid for out of the separate funds of the said L. J. Herring? (2) Was it the intention of H. T. and L. J. Herring at the time of the execution and delivery of the deed from E. T. Phillips to L. J. Herring to the property in controversy that the same should be the separate (property) of the said L. J. Herring?

The court charged that the burden of proof was upon the appellees to prove by a preponderance of the testimony an affirmative answer to each of said issues. The jury answered each of the questions in the affirmative. The court entered a judgment awarding four-fifths of the property to the appellees and one-fifth to appellant Mrs. Hughes, and limited the Sabinal National Bank's deed of trust to her one-fifth interest, and ordered the property partitioned.

[1] Appellants, by their assignments of error 1 to 5, complain of the trial court's action in permitting the witnesses Fannie Cunningham, one of the appellees, and Gus Scott and W. J. Cheirs, to testify to declarations made to them by H. T. Herring while he and his wife were in possession of the land, to the effect that the land belonged to his wife, that her separate property had paid for the same, and that he had had the deed made in her name, and that at the time the deed was made he told his wife:

"This is yours, bought with your money. You have never been satisfied with the investments we had before, and I hope you will be satisfied with this. This land is yours, and my name is not on record at all."

The objections urged to this testimony were that the record shows that H. T. Herring is living and is able to attend court, and that statements made by him were hearsay and could not be introduced while he was living, and that same was an effort to prove title by parol statements and declarations. These assignments are overruled. The declarations of a person while in possession of land are admissible to show the character of possession he is claiming, and are also admissible against interest; and any statement that H. T. Herring made while in possession, tending to show the character of possession he claimed or which tended to show that he did not claim any interest in the land, and his statements that the property belonged to his wife, were admissible against those who claimed under him, unless they are innocent purchasers for value. Mooring & Lyon v. McBride, 62 Tex. 309; Branch et al. v. Makeig, 9 Tex. Civ. App. 399, 28 S. W. 1050; Shelburn v. McCrocklin (Tex. Civ. App.) 42 S. W. 329; Hancock et al. v. Tram Lumber Co., 65 Tex. 225; Hickman v. Gillum, 66 Tex. 314, 1 S. W. 339; Lester v. Hutson (Tex. Civ. App.) 167 S. W. 321.

[2] We do not think the trial court erred in excluding the statements of H. T. Herring contained in the deed to Mollie Hughes, to the effect that the property had been paid for with the community funds and that the same was community property of himself and his deceased wife. These were self-serving declarations and were made after he had left said land, and were, in so far as appellants are concerned, hearsay and inadmissible. Gilbert v. Odom, 69 Tex. 670, 7 S. W. 510; Jamison v. Dooley, 98 Tex. 206, 82 S. W. 780; Snow v. Starr, 75 Tex. 411, 12 S. W. 673; Matador Land & Cattle Co. v. Cooper, 39 Tex. Civ. App. 99, 87 S. W. 235.

[3] There is no merit in the contention of appellants that the appellant bank was an innocent holder of its lien for value. The testimony shows that at the time the deed of trust was taken the debt which it was given to secure was already past due. J. C. Herring, one of the appellees and one of the tenants in common, was in actual possession of the property. The record title was in the name of Mrs. L. J. Herring, and the bank's officers knew she had died intestate. The officers of the bank made no inquiry nor investigation as to who was in possession, nor as to the interest that J. C. Herring claimed. Bailey & Pond v. Tindall, 59 Tex. 540; Parker v. Coop, 60 Tex. 111; Markley v. Martin (Tex. Civ. App.) 204 S. W. 123; Moore v. Chamberlain, 109 Tex. 64, 195 S. W. 1135; Collum v. Sanger Bros., 98 Tex. 162, 82 S. W. 459, 83 S. W. 184; Ramirez et al. v. Smith, 94 Tex. 184, 59 S. W. 258; John B. Hood Camp Confederate Veterans v. De Cordova, 92 Tex. 202, 47 S. W. 522.

[4, 5] The contention of appellants that the court should have charged the jury that the property in question was presumed to be the community property of H. T. Herring and wife, L. J. Herring, is without merit. The court submitted to the jury the questions of fact as to whether the funds that originally went into the property were the separate funds of Mrs. Herring, and as to whether it was intended by both Mr. and Mrs. Herring that the property should be her separate estate at the time the deed was executed, and placed the burden of proof on appellees to establish the affirmative of both of said issues by a preponderance of the testimony. If Mrs. Herring's funds paid for the property, or if Mr. Herring so intended when the deed was made, it became her separate estate. Matador Land & Cattle Co. v. Cooper, 39 Tex. Civ. App. 99, 87 S. W. 235; Aycock v. Thompson (Tex. Civ. App.) 146 S. W. 641; Parker v. Coop, 60 Tex. 111. The issues were submitted to the jury, and the evidence supports their verdict, and the assignments complaining about the insufficiency of the testimony are overruled.

We have examined all of the assignments of error and do not think they present any reversible error. The judgment of the trial court is affirmed.