**WARREN et al. v. HUMPHREYS.　(No. 227.)**

(Court of Civil Appeals of Texas.　Waco.
May 21, 1925.　Rehearing Denied
June 18, 1925.)

1. **Adverse possession** ⊜85(3)—**Evidence held to justify finding that plaintiffs did not hold property, adverse to defendant or his mother during her lifetime.**

Evidence *held* to justify jury's finding that plaintiffs had not been holding property in question, adverse to claim of their daughter during her lifetime nor to defendant, such daughter's son, after his mother's death.

2. **Evidence** ⊜273(3), 317(18) — **Testimony as to deceased's declarations held properly excluded as self-serving and hearsay.**

Testimony that deceased, during his lifetime, told witnesses that land in controversy was his separate estate, that he had purchased and paid for it, was properly excluded as self-serving declarations and hearsay.

3. **Evidence** ⊜271(16), 276 — **Statements against interest admissible against party making them, but not if self-serving, and fact that party is dead does not change rule.**

Statements against interest are admissible against party making them, but not if self-serving, and fact that party is dead does not change rule.

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Action by Adeline Warren and others against Seth Humphreys. Judgment for defendant, and plaintiffs appeal. Affirmed.

W. M. Harmon, of Waco, for appellants.
Bartlett & Dodson, of Marlin, for appellee.

BARCUS, J. In 1896, there was conveyed, by general warranty deed, to Ada E. Warren, 26 acres of land in Falls county. In 1898 or 1899, Dave Warren and Adeline Warren, the father and mother of Ada E. Warren, moved onto the land and continued to occupy same until Dave Warren's death in 1920, and Adeline Warren was occupying same at the time of the trial of this suit in 1924. At the time the property was conveyed to Ada E. Warren, she had a child by a former husband. Thereafter she intermarried with Arthur Humphreys, and her child, being the appellee in this case, took the name of Seth Humphreys. In 1904, Ada E. Humphreys, née Warren, died, leaving appellee as her only heir. After her death appellee, for a long number of years, lived with his grandmother, Adeline Warren, on the property in controversy. This suit was instituted by Adeline Warren and her other children against Seth Humphreys, claiming that the property belonged to Adeline Warren and her husband, Dave Warren, by reason of limitation. The jury, in response to special issues submitted, found against appellants on their plea of limitation, and judgment was entered accordingly. Hence this appeal.

[1] Appellants complain of the trial court's action in refusing to peremptorily instruct the jury to find for them on the question of limitation. We overrule this assignment. There is evidence tending to show that the property was purchased by appellee's mother for her child and as a home for her father and mother during their lifetime; she at that time being a widow with a small child. In 1923, Adeline Warren, the mother who is one of the appellants in this case, made an affidavit that the property had been purchased by her daughter in 1896 and that it was her daughter's separate property. The evidence was sufficient to justify the jury in finding that appellants had not been holding the property adverse to the claim of their daughter, Ada Warren, during her lifetime, nor adverse to her grandson, Seth Humphreys, the appellee herein, after his mother's death.

[2, 3] Appellants complain of the trial court's action in excluding testimony of Adeline Warren and Addie Henderson as to what Dave Warren, deceased, told them with reference to his interest and his claim in the property. Said witnesses, if they had been

permitted, would have testified, in effect, that Dave Warren, during his lifetime, told them that the land was his separate estate; that he had purchased and paid for same. The trial court did not commit error in excluding this testimony. It was self-serving declarations and hearsay, and clearly inadmissible for any purpose. Statements made by a party against interests are admissible against him, but any statements made by him which are self-serving are not admissible, and the fact that the party is dead does not change the rule. Gilbert v. Odum, 69 Tex. 670, 7 S. W. 510; Sabinal Nat. Bank v. Cunningham (Tex. Civ. App.) 256 S. W. 317; Jamison v. Dooley, 98 Tex. 206, 82 S. W. 780; Snow v. Starr, 75 Tex. 411, 12 S. W. 673; Sparks v. Johnson (Tex. Civ. App.) 235 S. W. 975.

We have examined all of appellants' assignments of error, and same are overruled.

The judgment of the trial court is affirmed.