## BROD et al. v. FIRST NAT. BANK OF CAMERON.

### No. 8173.

Court of Civil Appeals of Texas. Austin.

Jan. 22, 1936.

Rehearing Granted in Part and in Part Overruled Feb. 19, 1936.

Henderson, Kidd & Henderson, of Cameron, for appellants.

Wallace & Wallace, of Cameron, for appellee First Nat. Bank of Cameron.

BAUGH, Justice.

Appellee bank sued E. L. Brod upon a promissory note executed by him to it, and for foreclosure, among others, of an attachment lien levied by the bank upon a block of land in the town of Cameron. The note sued upon was dated December 10, 1931, but was given in renewal of other notes theretofore executed by Brod to the bank in February, 1931. On November 27, 1931, E. L. Brod, whose wife died in 1921, conveyed the land here involved to four of his minor children, of whose estates he had been appointed guardian in October, 1930. The suit against Brod as guardian and against his minor children related only to the attachment lien on the property in Cameron. The bank alleged that the conveyance by Brod to his children of said lot was without consideration, and was made for the purpose of hindering, delaying, and defrauding his creditors in violation of articles 3996 and 3997, R.S. 1925.

As to this, appellants defended on the ground that said lot had been purchased by E. L. Brod in November, 1923, for $2,-000 cash paid out of moneys belonging to Mrs. Tony Brod, mother of said minors, given to her by her parents, and which was inherited by said minors upon her death; and the execution by him of $2,500 in notes, only $500 of which had been paid; that he had erected a business house thereon, with borrowed money which had been repaid with rents received from said property; that, though the legal title thereto

**773**

had been taken in his name, he held same in trust for his children; and that the conveyance to them in November, 1931, was to vest in them the legal title to that which they equitably owned already, and, in addition, to vest in them title to their interest in their mother's community estate, of which he was the duly appointed administrator. Others issues were made by the pleadings and the evidence, but no complaint as to them is made on this appeal, and they need not be stated here. Trial was to a jury on special issues and judgment rendered for the bank for its debt and for foreclosure of its attachment lien. The only matter complained of on this appeal relates to the foreclosure of the attachment lien on the Cameron property.

The special issues submitted and here called in question and the answers of the jury thereto were:

"3. Do you find from a preponderance of the evidence that the defendant E. L. Brod conveyed to the defendants, Marie Brod, Ernestine Brod, Vinc J. Brod and Tony M. Brod, the lot in Block S of the city of Cameron described in plaintiff's petition with intent to delay, hinder, or defraud his creditors?"

"5. Do you find from a preponderance of the evidence that the defendant E. L. Brod, purchased the lot in Block S of Cameron, described in plaintiff's petition, with the intent of making the cash payment on same out of money, if any, he had received from his wife, before her death and holding said property in trust for the children of his deceased wife, Mrs. Tony M. Brod?"

"6. Do you find from a preponderance of the evidence that the Five Hundred Dollars paid on the indebtedness on said lot and the cost of constructing the building on said lot were paid out of rents received from said building?"

Each of these questions was answered by the jury in the affirmative.

The trial court, as shown by its decree, rendered judgment foreclosing the attachment lien upon the answer of the jury to issue No. 3 and non obstante veredicto as to issues 5 and 6. Appellants contend that, under the evidence and the answers to issues Nos. 5 and 6, the bank had no lien on the Cameron property regardless of the answer to issue No. 3. On the other hand, appellee contends that the jury's answer to issue No. 3 is conclusive of the case, and

that issues 5 and 6 therefore become immaterial.

It is uncontroverted that E. L. Brod's wife, the mother of said minors, died intestate on February 19, 1921. At that time she had as her separate property $2,000 in cash. Of this money E. L. Brod, at her instance, had deposited in the bank in his name on February 15th, during her last illness, the sum of $1,940. While he inherited, under the laws of descent and distribution, a one-third thereof, he testified without contradiction that he was then wholly solvent, and that, because it was given to his wife by her parents, he claimed no part of said money, but gave to the children the entire fund; that, while he deposited it in his name and from time to time drew checks upon it, he had, in November, 1923, when he purchased said lot, that amount of the money in the bank which he recognized as belonging to his children, and which he paid to his grantors as a cash payment on the land here involved, taking the deed thereto in his own name, and in addition executed to his grantors vendor's lien notes in the sum of $2,500. Thereafter he borrowed additional moneys for the purpose of erecting, and did erect in 1924, a business house on said lot, all of which moneys and $500 of the original purchase price were repaid, as found by the jury, from rents derived from the property.

Under the facts as found and the uncontroverted evidence, we think it is clear that, though legal title to said lot was taken in the name of E. L. Brod, and though he thereafter dealt with it as his own, the equitable and beneficial title therein to the extent of their funds so used became vested in the minor children. It is now well settled that, when one purchases land with money belonging to another, taking legal title thereto in his own name, he merely holds same in trust for those who furnish the purchase price and who own the beneficial title. Evans v. Welborn, 74 Tex. 530, 12 S.W. 230, 15 Am.St.Rep. 858; Hicks v. Pogue, 33 Tex.Civ.App. 333, 76 S.W. 786; Matador Land & Cattle Co. v. Cooper, 39 Tex.Civ.App. 99, 87 S.W. 235, 237; 65 C.J. 420; Mauritz v. Bell (Tex.Civ.App.) 81 S.W.(2d) 730.

The $2,500 in notes executed by Brod as a part of the purchase price for said lands, however, became his personal obligations and not a charge against the minors. To that extent they represent his

interest in said land, and the interest of the minors is represented pro tanto by the amount of their funds so invested.

■ While the evidence was ample to support the jury findings to issue No. 3, in so far as Brod's interest in said land was concerned, it is now settled that a conveyance by the holder of the legal title to land to the owner of the equitable title does not come within the inhibitions of articles 3996 and 3997, R.S., no matter what the purpose of the grantor may have been, absent any question of estoppel, innocent purchaser, or prior obtained lien on the property. None of these are here involved. Wells v. Jamison (Tex.Com.App.) 252 S.W. 1023; 20 Tex.Jur. 380, and cases there cited.

■ The record discloses that E. L. Brod's wife, upon her death, left a community estate appraised at some $13,000, of which E. L. Brod had been appointed administrator; that he had settled with his oldest son, who had become sui juris, and had conveyed, in addition to the land here involved, other property to his minor children in settlement of their interests in their mother's estate. This, however, had not been accomplished with the approval of the probate court, nor does it appear whether he conveyed to them property in excess of what they were entitled to receive out of their mother's estate. Out of deference to their answer to issue No. 3, it may be assumed that the jury concluded these questions against appellants, though the issues were not specifically submitted to them. The father had a right to prefer his children as creditors if he acted bona fide. 20 Tex.Jur. 443.

■ While the instructions of the trial court may have been sufficient to include in issue No. 3 the issue as to whether or not E. L. Brod had in fact invested the funds of his minor children in the land involved, had no other issues been submitted; if that be true, as contended by appellee, the answer to issue No. 5 necessarily, we think, created a conflict in their findings. Nor can issues Nos. 5 and 6 be ignored. Though issue No. 5 was improperly drawn, no objection is made to it on that ground, and it was undoubtedly intended to present the defenses raised by the appellants that E. L. Brod held the title to said land in trust for his minor children. If he did, then to that extent it was immaterial what his purposes were in so far as the conveyance to them of their interest therein was concerned; and

the court was not authorized to render judgment in disregard of such findings. The issue undertaken to be presented by question No. 5, though improperly drawn, was material, and there was evidence to support the jury's answer thereto. Under these circumstances, the trial court could not ignore it and render judgment non obstante. See Bell v. Henson (Tex.Civ. App.) 74 S.W.(2d) 455, 457, and cases therein cited.

■ Nor did the fact, as urged by appellee, that E. L. Brod commingled said $2,000 with his own moneys, and used same, at one time having checked out, prior to the purchase of said lot, all moneys in the bank in his name, deprive the minors of their rights in the premises. The sum to which they were entitled was definitely shown and their right thereto at all times recognized by E. L. Brod. He was not required to keep at all times the specific fund. Roberts v. Roberts (Mo.Sup.) 291 S.W. 485, 486. Mere mutation thereof and commingling it with his own funds, if in fact he had on hand at the time he purchased said lot the amount of their funds, which he recognized as belonging to them, and invested same in said land as such, with the intention at the time to hold the land in trust for them, the rights of the children in the land were fixed.

Under the circumstances, we think the judgment of the trial court should be reversed and the cause remanded for another trial.

Reversed and remanded.

## On Motion for Rehearing.

In its motion for rehearing appellee insists, among other things: (1) That the trial court's judgment for debt against E. L. Brod, personally, be affirmed; and (2) that the record shows, if a trust be admitted to have been established, that said minors owned only a $16/45$ undivided interest in said block of land, the remaining $29/45$ interest being owned by E. L. Brod individually, and that therefore judgment should be rendered foreclosing the bank's attachment lien on his interest.

As to the first question, appellee is correct. Brod did not deny owing the debt sued upon nor has he appealed individually from that portion of the judgment. In so far, therefore, as the personal judgment in favor of the bank against Brod individually for its debt is concerned, the trial court's judgment is affirmed.

As to the second contention made, it does not appear that the case was fully developed as to the several interests of all the children of Brod, the full effect of his settlement with Edwin Brod, his oldest son, with regard to the property involved, nor as to Brod's right to prefer his children as creditors, if he were so entitled, over other creditors. Under these circumstances, we think the judgment, other than as above indicated, should be reversed and the cause remanded. The motion will therefore be granted in part and in part overruled.

Granted in part and in part overruled.