**Carl M. FORD, Appellant,**

v.

**Lola SIMPSON, Appellee.**

No. 5889.

Court of Civil Appeals of Texas, Waco.

July 6, 1978.

Rehearing Denied July 27, 1978.

William R. Anderson, Jr. and David B. Anderson, Anderson & Anderson, Cleburne, for appellant.

Robert M. Mahanay, Mahanay & Higgins, Cleburne, for appellee.

HALL, Justice.

This is a suit in the nature of a declaratory judgment action for determination of the ownership of a tract of land of approximately 134 acres located in Johnson County.

On January 1, 1938, Bertie Smith executed a warranty deed to W. E. Jarrell conveying the tract in question. At that time W. E. Jarrell and appellee Lola Simpson were husband and wife. Mr. Jarrell died in April, 1938. Mrs. Simpson filed this suit in November, 1976, against appellant Carl M. Ford alleging that although the deed shows Mr. Jarrell to be grantee, the property was actually purchased and paid for with her separate funds and was and is her separate property, but that Ford is claiming an interest in the property as an asserted heir of Jarrell. Ford answered with the contention that the property was the community property of Mr. Jarrell and Mrs. Simpson, and with a detailed claim of ownership of an undivided one-half interest in the tract under our laws of descent and distribution (V.A.T.S. Probate Code, § 45) as Mr. Jarrell's only surviving child by reason of a marriage by Mr. Jarrell before he married Mrs. Simpson.

Trial was to the court without a jury. Judgment was rendered declaring that Ford is the only surviving child of W. E. Jarrell; but it was further adjudged that the property in question is owned by Mrs. Simpson as her separate property. Material findings of fact were set forth in the judgment.

Ford appeals. He asserts the record is legally and factually insufficient to support the finding that the property was purchased with Mrs. Simpson's separate funds, or the conclusion that the property is her separate property. We overrule those contentions, and affirm the judgment.

Mrs. Simpson testified that she and W. E. Jarrell were married in August, 1934. Her father, a dairyman, died in October, 1934. She and her sister equally shared the $1,000.00 proceeds of an insurance policy on her father. They also equally divided the dairy herd between them. Mrs. Simpson placed the $500.00 in an account in her name in the F & M Bank at Burleson, Texas, separate from the checking account she shared with her husband. She and Mr. Jarrell moved with the cattle onto the property and began renting it. They made a living milking the cows and selling the milk and cream. Mr. Jarrell did not own any property when they married nor when he died. In January, 1938, she bought the 134 acres from Mrs. Bertie Smith for $2,000.00, payable $500.00 down and $200.00 per year on the balance. Although the deed was taken in Mr. Jarrell's name, the $500.00 she received as insurance proceeds from her father's death was used for the down payment at the time of purchase. Thereafter, beginning in January, 1939, after Mr. Jarrell's death, she paid the $1,500.00 balance of the purchase price with money she received for milk and cream from her dairy herd. She has continuously lived on the property since its purchase, and lives there now with her present husband, Floyd Simpson.

George Bransom testified that he has been associated with the F & M Bank at Burleson since 1913. It was he who notarized Mrs. Bertie Smith's signature on the deed of the sale of the tract in question. He knew Mrs. Simpson and her sister and

her father, and he knew Mr. Jarrell. He knew that Mrs. Simpson and her sister each received $500.00 as proceeds of an insurance policy upon their father, and that Mrs. Simpson, then Lola Jarrell, placed her share in a separate account in her name at the Bank. He testified to the effect that Mrs. Simpson used her $500.00 "insurance money" as down payment on the purchase of the 134 acres from Mrs. Smith.

The testimony we have recited is legally sufficient to support the finding that although the deed was taken in Mr. Jarrell's name, the property was purchased and paid for solely with Mrs. Simpson's separate property. Reviewing the entire record, we hold that the finding is not against the great weight and preponderance of the evidence.

It is the general rule that where land is bought with the funds of one person but title is taken in the name of another, a trust results in favor of the person whose money was used in making the purchase. The one furnishing the money is the equitable owner of the land and the named grantee in the deed is a mere trustee and holds the land for the benefit of him who paid the purchase money. *Cohrs v. Scott,* 161 Tex. 111, 338 S.W.2d 127, 130 (1960). This rule applies in favor of the wife where, as in our case, land was purchased in the name of the husband but paid for with the separate funds of the wife. *Parker v. Coop,* 60 Tex. 111, 116 (1883); *Blum v. Rogers,* 71 Tex. 668, 9 S.W. 595, 597 (1888); *Kinlow v. Kinlow,* 72 Tex. 639, 10 S.W. 729, 730 (1889); *Matador Land & Cattle Co. v. Cooper,* 39 Tex.Civ.App. 99, 87 S.W. 235, 237 (1905, no writ); *Penman v. Blount,* 264 S.W. 169, 170 (Tex.Civ.App.—Beaumont 1924, no writ).

The judgment is affirmed.