**Curtis Phillip CEDOTAL, Appellant,**

v.

**Lois Lynn Wolk CEDOTAL, Appellee.**

**No. 6041.**

Court of Civil Appeals of Texas, Waco.

July 26, 1979.

Gary J. Coker, Jr., Waco, for appellant.

Q. Z. Valentine, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by Appellant Curtis Phillip Cedotal (petitioner in the trial court) from judgment in a divorce case.

Appellant sued Appellee Lois Lynn Wolk Cedotal for a divorce. Appellee cross petitioned on divorce, managing conservatorship of the parties' two minor children, and property adjudication.

Trial was before the court, which decreed the parties a divorce; appointed Appellee managing conservator of the two children; awarded all of the real estate to Appellee; required Appellee to pay some $81,000 in community debts; awarded Appellant personal property and an automobile clear of debt; and required Appellant to pay $125 per month in child support.

Appellant appeals on two points.

Point 1 asserts the trial court erred in characterizing twenty items of real property, and the homestead, as separate property of Appellee, because there is insufficient evidence to support such a finding.

■ The parties were married in February 1969; lived first in Louisiana; and moved to Waco in 1971. They had two children age 9 and 7 at time of trial. After the parties moved to Waco, Appellant managed rental property (some 40 rent houses) which belonged to Appellee and her brother Jerrel Bruce Wolk. This property was a portion of a trust established and given Appellee and her brother when they were very young. On June 1, 1977 Jerrel Bruce Wolk (brother of Appellee) deeded twenty parcels of real estate (rent houses) to Appellee and Appellant for $10. and other valuable consideration. The property in this deed was a portion of the properties given earlier by Mr. and Mrs. Isadore Wolk, parents of Appellee and her brother, for Appellee's and her brother's benefit. And the Appellant himself testified that these rent houses (prior to the June 1, 1977 deed) along with other rent houses were the property of Appellee and her brother. Appellant paid no consideration and no consideration was paid from Appellant's and Appellee's community funds. The evidence is ample to sustain the finding of the trial court that these items were separate property of Appellee by reason of gift from her parents. The inclusion of Appellant's name on the deed created an initial presumption the property was community, but under the facts of this case such presumption was totally rebutted. And any title held by

Appellant by virtue of the June 1, 1977 deed, under the facts, was held by Appellant in trust for Appellee. *Cohrs v. Scott,* 161 Tex. 111, 338 S.W.2d 127; *Ford v. Simpson,* Tex.Civ.App. (Waco) NWH, 568 S.W.2d 468; *Omohundro v. Matthews,* 161 Tex. 367, 341 S.W.2d 401.

■ The trial court further found the homestead in Waco was Appellee's separate property. The first homestead of the parties was in Louisiana and purchased with funds given Appellee by her parents. This house was sold and the proceeds used to purchase a house in Waco. This house was sold and its proceeds together with $15,000. additional money given by Appellee's parents was used to purchase the homestead found to be Appellee's separate property and awarded to Appellee. The deed to the homestead was made to Appellee and Appellant. The trial court was authorized to find from the evidence that the homestead was separate property of Appellee. And even if the homestead was community property the trial court was authorized to award it to Appellee, and Appellant testified that it would be only fair and right that this home should be given Appellee.

Point 2 asserts the trial court abused its discretion by awarding Appellee all the property in the "Second Deed" and various personal property along with various debts, and awarding Appellant only those personal property items in his possession.

On June 1, 1977 Isadore Wolk, father of Appellee, in what is referred to as the "Second Deed" conveyed to Appellee and Appellant thirteen tracts of real estate (13 rent houses) for an installment note of $57,592. payable to Isadore Wolk in monthly installments of $500., and bearing interest at 6%.

The trial court found this property was community property; that $2,615.62 equity vested in Appellant and Appellee; and that $54,976.38 of the note was still unpaid, which was community debt. Appellant and Appellee had utilized the rentals on this property for the approximate year after it was deeded to them to live on and to pay the $500. monthly payments to Appellee's father. During this period Appellee's parents helped make improvements on the property and paid the taxes on same in the amount of some $4,000.

The trial court awarded Appellee the furniture in the homestead, which had been paid for by Appellee's parents; required Appellee to assume payment of the $54,796.38 balance on the real estate note; and to pay a note made by Appellant to the Central National Bank in an approximate balance due of $28,800; and awarded Appellant personal property and an automobile clear of debt.

Section 3.63 of the Family Code (old Article 4638 VATS) provides that the court shall order the division of the estate of the parties as the court deems just and right having regard for each party and any children born to the marriage.

The evidence shows Appellee has two children to rear; the earning capacity of Appellee will be limited with the two children to rear; the rental revenues of the properties involved will be barely adequate, if adequate, to make payments on the $57,592. note, maintain the properties, pay taxes and insurance; and Appellee was required to pay the $28,800. additional community debts. The $125. per month child support ordered is low, based on the cost of living and the standard of living to which the children were accustomed.

■ The trial court is vested with wide discretion in making division of the property of the parties. That discretion will not be disturbed on appeal unless the court has clearly abused its discretion. *Bell v. Bell,* Tex, 513 S.W.2d 20; *Hedtke v. Hedtke,* 112 Tex. 404, 248 S.W. 21; *Dorfman v. Dorfman,* CCA (Waco) NWH, 457 S.W.2d 91; *Hailey v. Hailey,* 160 Tex. 372, 331 S.W.2d 299; *McHone v. McHone,* Tex.Civ.App. (Waco) Error Dismissed, 449 S.W.2d 488; *Renfro v. Renfro,* Tex.Civ.App. (Waco) NWH, 497 S.W.2d 807; *Carson v. Carson,* Tex.Civ.App. (Waco) NWH, 528 S.W.2d 308.

We are unable to say from the record that the trial court abused its discretion.

Appellant's points are overruled.

AFFIRMED.