## EAKIN v. SHUMAKER.

Where partners agree to purchase an adverse outstanding title to real estate held by them in partnership, and one purchases the title and has it made to himself, the purchase so made must be considered to have been made for the partnership; and when one partner has made advances equal to his share of the purchase money of such title, his refusal to pay his share of the purchase money, will not deprive him of the benefit of the purchase, or be taken as conclusive evidence of a dissolution of the partnership.

Where one Eakin at the solicitation of one Shumaker entered into a partnership to purchase certain land and mills and moved upon the premises, and did a great deal of work and labor thereon, and Shumaker claiming under a subsequently purchased title by location, brought suit to eject him from the premises, the Court said: But if the purchase of the certificate had been made after the dissolution of the partnership, Eakin would have had strong equity for compensation, which should have been satisfied before he could be ejected. His removal to the place and entering into the arrangement with Shumaker, under the inducements held out by the latter, and the money paid, and work done by him, raise this equity; and under such circumstances, it would be a fraud in Shumaker to put the whole loss on him, and receive, himself, all the benefit.

Office copies, properly authenticated, of land certificates filed in the General Land Office, are receivable in evidence in the place of their originals.

Appeal from Titus.

*M. D. Rogers* and *T. J. & J. H. Rogers*, for appellant.

*W. H. Johnson*, for appellee.

LIPSCOMB, J.   This was a suit commenced by the appellee against the appellant, to recover a tract of land in the possession of the appellant. The defence set up was, that, although the certificate under which the location was made, was purchased by Shumaker, the plaintiff in the suit, and had been assigned to him, undoubtedly, by Lacy, to whom it had been issued, that it had been purchased for the joint benefit of plaintiff and the defendant, who were alleged to

have been partners at the time.  The defence offered, will be better understood by collating the facts as they appear from the record, material to the merits of the controversy.  It appears from the evidence that the parties jointly purchased the mills, grist and saw mill, known as Holt's Mills; that Eakin, the defendant below, went into possession of the property so purchased, jointly, and paid a large sum of money, part of the purchase money, about one thousand dollars.  This was proven to have been acknowledged by Shumaker.  It does not appear what amount was paid by Shumaker.  The parties, after the purchase from Holt, discovered that the title was bad, they then agreed to purchase a certificate and locate it on the land for their joint benefit, and thereby secure the title to the same.  To effect this object it was necessary to purchase from one ———— his file that had been made upon it; and they contracted with him for his privilege, for which, one hundred and fifty dollars was agreed to be paid.  It appears that Eakin refused to advance his proportion of this hundred and fifty dollars; that Eakin expended a good deal of his own labor on the mills, and some money in the payment of workmen; that the parties were to go together to purchase the certificate that was afterwards purchased by Shumaker from Lacy, but that Eakin was sick.  It was in proof that Shumaker had induced Eakin to enter into the purchase of the mills with him, and to remove to them, and that the mills were now worth two thousand dollars, or near that amount.  For the plaintiff in the Court below, it was insisted, that the partnership was dissolved at the time he purchased the certificate, and that it was purchased on his own individual account.  The charge of the Court, and the finding of the jury, seem to have been predicated on the assumption, that the refusal of Eakin to advance his proportion (seventy-five dollars) of the purchase money for the privilege of the file that had been made, was, virtually, a dissolution of the partnership.  We apprehend the evidence will not support this conclusion.  After having paid so much money,

and labored so much for the benefit of the concern, he might well insist that Shumaker should be advancing as well as himself. The Court, in effect, charged the jury, that Eakin's refusal to do any thing necessary for the partnership, would be a presumption of the dissolution of the firm. This charge, when taken in reference to the evidence, we believe was wrong: because that although the payment of the money to remove the file, might be necessary, yet it would not of itself stop the operations of the partnership concern, as Shumaker might have paid it himself; and from the evidence of the advances made by Eakin, already, Shumaker ought to have paid it; and besides, if he had decided to consider it a dissolution, he should have notified his partner that he so regarded it. If the purchase of the certificate by Shumaker, was made before a dissolution, or recision of his engagement with Eakin, the purchase, though in his individual name, would be regarded in law as for their joint benefit, and he could only have sued for a partition, and then the amount paid by the respective parties, should have been ascertained by proof.

But if the purchase had been made of the certificate after the dissolution of the partnership, Eakin would have had strong equity for compensation, which should have been satisfied before he could be ejected, without doing great injustice to him, as appears from the evidence. His removal to the place, and entering into the arrangement with Shumaker, under the inducements held out by the latter, and the money paid and work done by him, raise the equity; and under such circumstances, it would be a fraud in Shumaker to put the whole loss on him, and recover, himself, all the benefit.

. The objections taken by the defendant, in the Court below, to the evidence of the assignment of the certificate, and to the reception of the copies, certified by the Commissioner of the General Land Office, were properly overruled. These papers are required, the originals, to be filed in the General Land Office, and there can be no objection, after their being so

filed, to the reception in evidence of office copies of them, properly authenticated. But for the reasons before given, the judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.