ELEAZER P. HUNT, ADM'R v. SAMUEL F. BUTTERWORTH AND OTHERS.

Two of the defendants in this suit, Butterworth and wife, filed a bill against John H. Bennett and the present plaintiff, in the District Court of the United States for the District of Texas, to recover the property in controversy in this suit and for account.    A decree was obtained against Bennett, who set up title to the property, and suit was dismissed as to present plaintiff, Hunt. Such decree held no bar to an action by Hunt, as administrator, to recover said property upon the allegation that the deed from his intestate, under which the plaintiffs in the former suit claim and hold the property, was invalid and inoperative, no question upon this point having been made in the former suit.

Where a fraudulent gift or deed has not been consummated by delivery to the donee in the lifetime of the donor, but the latter dies in possession and there is probate or grant of administration before the donee takes possession, such property is assets in the hands of the administrator, and he may maintain an action for its recovery.

The general question of the right of an administrator to impeach for fraud the deed of his insolvent intestate, left open.

Appeal from Galveston.    Tried below before Hon. N. H. Munger.

The appellant, as administrator of the estate of John D. Amis, deceased, brought this suit to recover certain slaves then in the possession of the appellees. His petition alleges the insolvency of the estate of his intestate, and charges that the conveyance to Mary E. Butterworth, under which the parties in possession hold, was voluntary and fraudulent against the creditors of Amis ; that Amis died in possession ; that the title to the slaves is yet in the estate he represents and are assets to meet the demands of creditors, and that he is in his capacity of administrator entitled to the possession and con·trol of them for such purpose. The petition also charged that the deed under which the appellees claim was never delivered to said Butterworth, or wife, or either of them, in the lifetime of said John D. Amis, but that it came into the hands of said Butterworth, after the decease of said Amis, wrongfully ; and that said deed was never registered or recorded until after the death of said Amis.

Pending the suit there was an intervention by one of the creditors of Amis, but which it is not important to notice, as this Court disposed of. the case without reference to the questions arising under this branch of the case.

The appellees filed in the Court below a general demurrer, and set up in bar a decree of the District Court of the United States for the District of Texas, at Galveston, in a cause wherein Butterworth and wife were complainants and John H. Bennett and E. P. Hunt, the appellant here, were defendants, and which decree was affirmed, upon appeal, by the Supreme Court of the United States. By this decree a recovery was had in favor of Butterworth and wife against Bennett, as well for the slaves as for a sum or amount, but as to appellant, Hunt, the complaint was dismissed. In this proceeding there was no impeachment of the deed from Amis to Mrs. Butterworth. A jury was waived and the cause submitted to the Judge, who dismissed the plaintiff's petition, to which judgment an appeal was taken after motion for new trial overruled.

*P. C. Tucker* and *L. A. Thompson,* for appellant. Argued that there is a substantial difference at Common Law between the cases where the fraudulent gift is consummated by delivery to the donee, in the lifetime of the donor, and those where the same is not perfected, and the donor continues to hold and dies in the actual possession. But if the rule be different at Common Law, it ought not to prevail in Texas, because, by the theory and policy which underlies our system, executors and administrators have a new character, and stand in a different relation to the creditors of deceased persons. This change of the theory and policy of the law in our State is indicated by the concluding clause of the 112th Section of the Act of March 20th, 1848, which is as follows :

" But upon the issuance of letters testamentary, or of administration, on any such estate, the executor or administrator shall have a right to the possession of the estate, as it existed at the death of the testator or intestate, with the exception aforesaid, (as to property exempt from debt ;) and it shall be his duty to recover possession of and hold such estate in trust, to be disposed of under the provisions of this Act." (Hart. Dig. Art. 1221.)

Assuming that we have shown the change of theory, and the different policy established by the law of Texas, in regard to the character and relation of executors and administrators, with respect to the estates of the deceased persons committed to them, we may then apply, with much force, the observation of Bronson, J. in the case of Babcock v. Booth. (2 Hill, 181.) He says that " whatever difficulty there might be in allowing an executor or administrator to set up the fraud, when considered as the mere representative of the testator, or intestate, there can be none when he is regarded in the further capacity of a trustee for creditors, and is necessarily acting for their benefit." Such is the present case, where it is shown by the proof, that the estate of the intestate, without the slaves in dispute, is insufficient to discharge the demands of creditors

upon it; and where the sole and only purpose of the administrator in seeking a recovery, is in his capacity of representative of the creditors, to obtain a fund justly applicable to the payment of debts. (Holland v. Craft, 20 Pick. R. 321, 327-8; Gibbins v. Peeler, 8 Pick. R. 254, 257; Martin v. Root, 17 Mass. R. 222; Caswell v. Caswell, 28 Maine R. 232; Andrus v. Doolittle, 11 Conn. R. 283; Booth v. Patrick, 8 Conn. R. 106; Minor v. Meade, 3 Conn. R. 289.)

They further argued elaborately the question of intervention, but as no opinion was expressed by the Court upon this branch of the case, their points and arguments are omitted.

*Robert Hughes*, for appellees. Insisted on the decree of the United States District Court as a bar, and cited Foster v. Wells, 4 Tex. R. 101, and Weathered v. Mays, Ib. 387. And that though the conveyance might be void as to creditors, the administrator had no right to interpose their claim. (Dancy v. Smith, 4 Tex. R. 411; Epperson v. Young, 8 Tex. R. 135; Wilson v. Trawick, 10 Tex. R. 428; Avery v. Avery, 12 Tex. R. 54.)

WHEELER, J. Although it appears by the record that the Court heard evidence, and thereupon dismissed the case, "because it appears to the Court that the plaintiff has no right to maintain his action herein," it is sufficiently apparent, that the Court did not pronounce its judgment upon the merits of the case as disclosed by the evidence; for, had that been the case, the judgment would not have been that the petition be dismissed, and the defendant go hence, &c., as upon a judgment sustaining a demurrer or exceptions to the petition; but judgment would have been rendered for the defendant, as on a trial upon the merits. But if the Court decided the case upon the evidence embraced in the statement of facts, the judgment was plainly erroneous; unless supported by the record of the decree rendered in the United States District Court.

For, unless the plaintiff was barred of his action by that decree, upon proof that the right of property and the possession remained in the estate at the time of his death, the plaintiff, as his administrator, was entitled to recover the property. Was the decree pleaded and given in evidence a bar to this action? It would seem not. The former suit was brought by two of the present defendants against Bennett to recover the property and for an account. The present plaintiff was made a party; but no decree was asked against him, unless the plaintiffs therein, upon taking an account with Bennett, should be found indebted to him; in which case, they ask that this plaintiff, as administrator, be decreed to pay him such balance. And this appears to have been the only object in making him a party to that suit. There was a recovery against Bennett; but the suit was dismissed as to this plaintiff. This suit is brought to set aside the deed, under which the plaintiffs in the former suit claim and hold the property, as invalid and inoperative, and to recover the property. The validity of the deed was not a matter in issue in the former suit, by the pleadings therein. That is the very matter which the present suit seeks to put in issue. "A bill regularly dismissed upon the merits, where the matter has been passed upon, and the dismissal is not without prejudice, may be pleaded in bar of a new bill for the same matter." (2 Daniels Ch. Pl. & Pr. 753, 2nd Am. edit. n. 3; Neafe v. Neafe, 7 Johns. Ch. R. 1.) In the case in 7th Johns. Ch. R., after stating this general rule, Chancellor Kent said, "But in the cases I have looked into upon dismission of former bills, the new bill was brought by the same party who filed the original bill; and there is said to be a material distinction between a new bill by such a party, and a new bill concerning the same subject by the defendant in the first suit. To make the dismission of the former suit a technical bar, it must be an absolute decision upon the same point or matter; and the new bill, it is said, must be by the same plaintiff or his representatives, against the same de-

fendant, or his representatives." (Ibid p. 4.) "As a plea of this kind proceeds upon the ground, that the same matter was in issue in the former suit, and as every plea that is set up as a bar must be *ad idem*, the plea should set forth so much of the former bill or answer as will suffice to show that the same point was then in issue." (Danl. Ch. Pl. & Pr. 755-6.) From these authorities it seems clear that the decree of dismission of the bill in the chancery suit, was not a bar to the present action. The same point was not in issue in that suit. If, therefore, the Court proceeded upon this ground, the judgment was erroneous. But we think it sufficiently apparent from the judgment itself that this was not the ground of the decision. As stated by counsel in argument, the ground of the decision doubtless was, that as this was a suit by the administrator to avoid the deed of his intestate as a fraud upon creditors, the action could not be maintained; and hence the judgment dismissing the petition, as upon demurrer.— We shall therefore consider of the correctness of the judgment as having been thus rendered. It may be observed that the petition does not necessarily impeach the deed as having been made with intent to defraud creditors. The grounds distinctly set up to avoid the deed are, that the deed was not delivered or recorded during the lifetime of the intestate; but that the defendants wrongfully obtained possession of it after his death. If this was so, it did not take effect as a deed, or operate a conveyance of the property; it was wholly inoperative as a deed, for the want of delivery; and there was no occasion to impeach the consideration of it. Although the administrator might not impeach the deed of his intestate as being voluntary and fraudulent as to creditors, it was certainly competent for him to show that it was never delivered, and consequently that it did not take effect as a deed; but the title to the property named in it remained in the donor, at the time of his decease, unchanged and unaffected by it. On this ground it was certainly competent for the administrator to

avoid the instrument, under which, he avers, the defendants have taken and detained the property. But it is further averred, in effect, that the deed was voluntary and in fraud of creditors ; and as this is the ground, doubtless, upon which the Court dismissed the case, and the question to which the argument in this Court has been mainly directed by counsel for the appellant, it is proper that we proceed to inquire whether the decision of the Court was correct. The general proposition has been frequently asserted by this Court, that an executor or administrator cannot impeach for fraud the deed of his testator or intestate. (Cobb v. Norwood, 11 Tex. R. 556 ; Avery v. Avery, 12 Id. 54 ; 13 Id. 5.) This, as a general rule, is admitted. But it is insisted that where the fraudulent gift or deed has not been consummated by delivery to the donee in the lifetime of the donor, but the latter dies in possession, and there is probate or grant of administration before the donee takes possession, the case is an exception to the general rule, and the property is assets in the hands of the administrator. We have examined the numerous authorities cited by counsel, and they seem fully to sustain their position. We deem it unnecessary to enter upon a review of the numerous authorities cited by counsel in their learned and able argument upon this point. It will suffice to refer to the comparatively late and well-considered case of Babcock v. Booth, in the Supreme Court of New York, where the authorities are reviewed. (2 Hill R. 181.) It was there held that, as a general rule, an executor or administrator can only maintain such claims as the testator or intestate might have successfully asserted while living ; but that to this rule there are exceptions. And the Court recognize and affirm the exception we are now considering. The Court (Bronson, J.,) says : " The title of the plaintiff, as administrator, took effect, by relation, from the death of the intestate, and he has the same right to maintain this action as though the letters of administration had been granted before the defendant took the goods. (Toll. on

Exec. 152, 3 ed. of 1834, and cases there cited.)  The only
question then to be considered is, whether the personal repre-
sentative of the fraudulent vendor, who remained in possession
until the time of his death, can for the benefit of creditors set
up the fraud, and thus avoid the sale." And the Court hold
that he can.  And, after reviewing the authorities, conclude,
that " Whatever difficulty there might be in allowing an exec-
utor or administrator to set up the fraud, when considered as
the mere representative of the testator or intestate, there can
be none when he is regarded in the further capacity of a trus-
tee for creditors, and is necessarily acting for their benefit.
(2 Hill R. 184–5–6 ; and see Smith v. Pollard & Co., 4 B.
Monr. 68 ; Shears v. Rogers, 3 Barn. & Ad. 362 ; 23 Eng. C.
L. R. 164.)  It is shown that, at the Common Law, the fraud-
ulent vendee might have been charged as executor *de son tort.*
And some of the modern cases hold that he must be so charged,
and that that is the only remedy of the creditor.  It was so
held in New York in the case of Osborne v. Moss.  (7 John.
R. 161.)  But the Statute has changed the rule in that State,
so that " no person shall be liable to an action as executor of
his own wrong."  (2 Hill, 185 ; 2 R. S. 449, S. 17.)  So the
law in that State and in this are the same upon that subject, it
having been settled by the case of Ashley v. Baker, (14 Tex.
R. 607,) that, by our law, no one can be charged as an execu-
tor *de son tort.*  The effect of our law is the same as that of
the New York Statute, to take away the remedy of the credi-
tor, at Common Law, to charge the fraudulent grantee as ex-
ecutor of his own wrong, and transfer the action to the legal
representative of the vendor, where it becomes necessary to
sue or controvert the validity of a deed of the testator or in-
testate for the benefit of creditors.  When it has been said
that the legal representative cannot impeach the deed of his
testator or intestate for fraud, it has also been said that the
creditors may.  (12 Tex. R. 57 ; Cobb v. Norwood, 11 Id. 556.)
Executors and administrators, by our law, represent the credi-

Hunt v. Butterworth.

tors as well as the heirs; and where it is necessary to sue to set aside a fraudulent conveyance for the benefit of creditors, it would seem to be the better, more convenient and more reasonable rule, that the administrator, rather than the creditor, should sue. The case under consideration does not require the expression of an opinion upon the general question of the right of the administrator to impeach for fraud the deed of his intestate; and our observations are to be understood only as applying to the excepted case, where the deceased retained the possession of the property until his death. In that case, we think his right clear upon principle and authority.

In the cases in which this subject has come under discussion in this Court, the exception we are now considering has never been adverted to. The attention of the Court has not been called to it in any previous case, or it would, doubtless, have been recognized. And it is believed there is no adjudication of this Court which stands in the way of its recognition in the present case. No case has been decided the contrary. The view we have taken of the case, as respects the right of the administrator to maintain the action, supercedes the necessity of revising the judgment upon the appeal of the intervenor. The petition alleges that the estate is largely indebted, and that there are no assets other than the property in question. The administrator must be regarded as representing the creditors in this action. And we are of opinion that the Court erred in denying his right to maintain the action and dismissing the case. The judgment is therefore reversed and the cause remanded.

Reversed and remanded.