No. 5994.

JOHN S. WILSON, ADMINISTRATOR, v. RUTH M. DEMANDER.

1. AN ADMINISTRATOR CAN ONLY SUE WHERE HIS INTESTATE COULD.
—An administrator can not maintain a suit to set aside a deed made by his intestate upon the ground that such deed was fraudulent as to creditors.

APPEAL from Bastrop. Tried below before Hon. Dyer Moore, Special District Judge, sitting in place of Hon. H. Teichmuller.

Appellant, as adminstrator of Nelson Burch, brought this suit against appellee to vacate a deed made by his intestate to appellee, and to have the land so conveyed adjudged to be assets in the hands of the administrator for the payment of debts. It was alleged that the conveyance by the intestate to appellee was without consideration, that the intestate was utterly insolvent when the deed was made, and that his estate was insolvent at the time the suit was brought; that the deed was made with intent to defraud the creditors of the intestate, and, unless it was annulled, the creditors would lose their debts and appellee have the land.

Appellee answered by general demurrer and special exceptions, as follows:

"2. Because this being a suit that could not have been instituted or maintained by the intestate, it can not be maintained by his administrator.

"3. Because the said petition seeks to impeach a deed made by his intestate, on the ground of fraud against his creditors, which can not be done by his administrator."

The general demurrer and special exceptions were sustained and judgment rendered dismissing the suit, from which judgment this appeal is prosecuted.

*G. W. Jones, J. D. Sayers, Garwood & Batts,* for appellant: An administrator may attack for fraud a conveyance made by his intestate to defraud creditors. (30 Iowa, 470; Statutes of Iowa, 1873, 414; Cowen v. Brown, 12 Wendell, 542; Schouler's Administrators and Executors, 298; Cross v. Brown, 51 N. H., 488; See v. Chase, 58 Maine, 436; Martin v. Root, 17 Mass., 222.)

Whatever difficulty there might be in allowing an administrator or executor to set up the fraud when considered as the mere representative of the testator, there can be none when regarded in the further capacity of a trustee for creditors, and as necessarily acting for their benefit. (Hart. Dig., 1221; Hunn v. Butterworth, 21 Texas, 140, and cases there cited; Babcock v. Booth, 2 Hill, 181.)

It seems now to be settled that as the administrator or executor represents the creditors of the estate as well as the intestate or testator, it is not only his right but his duty to collect all the assets applicable to the payment of debts, including those which have been fraudulently transferred by the intestate or testator. (Williams on Executors. 1679, note 10; Welsh

v. Welsh, 105 Mass.; Martin v. Root, 17 Id., 222; Gibens v. Peifer, 5 Pick., 154; M. Knight v. Morgan, 2 Barb., 17; Morris v. Morris, 5 Mich., 171; Johnson v. Connelly, 4 La. An., 169; Brown v. Finley, 18 Mo., 375; Holland v. Croft, 20 Pick., 321; Chase v. Redding, 13 Gray, 418; Tenney v. Poor, 14 Id., 500; McLane v. Johnson, 43 Vt., 48; Bronslough v. Bronslough, 68 Pa. St., 495; Cross v. Brown, 51 N. H., 486; Ewing v. Hodley, 14 Am. Dec., 140.

Executors and administrators, by our law, represent the creditors as well as the heirs; and where it is necessary to sue to set aside a fraudulent conveyance for the benefit of creditors, it would seem to be the better, more convenient and more reasonable rule that the administrator, rather than the creditor, should sue. (Hunt v. Butterworth, 20 Texas, 140, 141.)

*B. D. Orgain, Fowler & Maynard,* for appellee, cited Rev. Stats., art. 1201; Connell v. Chandler, 13 Texas, 5; Avery v. Avery, 12 Texas, 54; Wheeler v. Yanda, 11 Texas, 562; Seawell v. Lowry, 16 Texas, 50.

ACKER, JUDGE. Appellant brought this suit as administrator of Nelson Burch, to vacate a deed made by his intestate to appellee, and to have the land adjudged to be assets in his hands, upon the grounds that the deed was without consideration, and was made with intent to defraud the creditors of Burch. It was alleged that Burch was utterly insolvent at the time he executed the deed to appellee, and that his estate was insolvent.

Appellee answered by general demurrer and special exceptions, upon the ground that an administrator can not maintain a suit to set aside and vacate a conveyance made by his intestate, upon the ground of fraud.

The demurrers were sustained and the suit dismissed, from which judgment this appeal is prosecuted.

The proposition that an administrator can not maintain a suit to set aside a deed made by his intestate, upon the ground that such deed was fraudulent as to the creditors of the intestate, is too well settled, we think, to demand or justify the discussion of it now.

However fraudulent the conveyance may have been, the intestate was bound by it, and could not himself have maintained the suit to set it aside. Administrators can bring suits

in like manner as their intestates could have done. If the intestate could not have maintained the suit, the administrator can not. (Rev. Stats., art. 1201; Avery v. Avery, 12 Texas, 53; ·Connell v. Chandler, Admr., 13 Texas, 5; Seawell v. Lowry, 16 Texas, 50; Hunt v. Butterworth, 21 Texas, 141; Hoeser v. Kraeka, 29 Texas, 450.)

We think the judgment of the court below is correct, and should be affirmed.

*Affirmed.*

Opinion adopted October 30, 1888.

STAYTON,
*Chief Justice.*