**FIRST NAT. BANK OF FORT WORTH et al. v. JOHN HANCOCK MUT. LIFE INS. CO. et al.**

No. 13475.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 8, 1937.

Rehearing Denied Feb. 12, 1937.

W. M. Short and J. E. Whitmore, both of Fort Worth, for appellants.

George A. Titterington and Spafford & Spafford, all of Dallas, for appellees.

DUNKLIN, Chief Justice.

This suit was instituted by Harrison H. Morse, as administrator of the estate of John A. Jackson, deceased, against John Hancock Mutual Life Insurance Company, and Ethelene Jackson and Marietta Jackson Scurry, surviving daughters of John A. Jackson, and W. C. Scurry, husband of Marietta Jackson Scurry, also joined as a defendant. The suit was in trespass to try title to a tract of 201.1 acres of land in Wise and Denton counties.

In a second count in the petition, plaintiff sought a cancellation of a deed of conveyance of the land made by the deceased to his two daughters, Ethelene Jackson and Marietta Jackson Scurry, defendants, of date December 27, 1933, and duly recorded in Denton county on December 28, 1933, and in Wise county on January 2, 1934, for a recited consideration of $10 (not paid) and love and affection, and subject to a deed of trust on said land, of date June 20, 1931, which was duly recorded in Wise and Denton counties, to secure the grantor's promissory note in favor of the John Hancock Mutual Life Insurance Company in the sum of $10,000, made a first lien, and the balance of $350 on another note originally for $500, payable to H. A. Stutts, made a second lien.

Following are the principal facts alleged in the petition on which plaintiff sought to cancel the conveyance:

At the time John A. Jackson executed the deed to his two daughters, he was wholly insolvent, owing unsecured debts in excess of $25,000, besides the mortgage indebtedness recited above, and did not have property sufficient to pay said debts; and the deed was a voluntary conveyance made for the purpose of hindering, delaying, and defrauding the grantor's creditors, which purpose was known to the grantees at the time the deed was executed, and therefore the deed was void as to those creditors.

John A. Jackson died on January 11, 1934, in Collin county, Tex., but at that time he was a resident of Tarrant county and in possession of said land. On May 1, 1934, plaintiff was duly appointed administrator of his estate by the county court of Tarrant county and thereafter duly qualified as such. The unsecured debts owing by the deceased at the time of his death, aggregating more than $25,000, have been duly allowed by him as administrator, and

all of them have been filed and approved by the county court sitting in probate.

On August 17, 1934, which was within four months next succeeding his receipt of letters of administration, plaintiff gave notice in writing thereof to the John Hancock Mutual Life Insurance Company at its office in Dallas, Tex., as holder of the $10,000 note executed to it by the deceased. Notwithstanding such notice, said company, on September 4, 1934, proceeded to have the land sold at public auction by a substitute trustee to satisfy that debt, the substitute trustee acting under the powers given by the deed of trust to the original trustee, and at the sale that company became the purchaser of the land and is now claiming title under the deed to it by the substitute trustee, which has been duly recorded.

It was alleged that the conveyance by the substitute trustee was void because it was made during the pendency of the administration without authority of the probate court and in the absence of allowance of the claim by the administrator and approval by the probate court, as required by statutes in such cases made and provided; and further because it was made by a substitute trustee who was not the president or presiding member or trustee of the John Hancock Mutual Life Insurance Company or its attorney in fact, as required by article 1322, Rev.Civ.Statutes, for deeds of conveyance of land by a corporation.

The First National Bank of Fort Worth, independent executor, joined by Maude Chandler Modlin, independent executrix of the last will and estate of D. O. Modlin, deceased, filed a plea of intervention, alleging their due appointment and qualification as such. According to further allegations in the plea, at the time he executed the deed to his daughters, John A. Jackson, deceased, was indebted to D. O. Modlin on two unsecured notes, aggregating some $16,000, which have been duly allowed by the administrator and approved by the probate court, and are now due and unpaid. And when Jackson executed said deed he was indebted to several other unsecured creditors in divers sums, aggregating several thousand dollars, and all of which were due and unpaid at the time of his death and have been duly allowed and approved by the probate court in accordance with statutory requirements. Interveners sought a cancellation of the deed on all the grounds alleged in plaintiff's petition, which were specifically repeated.

The trial court sustained a general demurrer to plaintiff's petition and also to the plea of intervention and dismissed both pleas after those litigants had declined to amend, and they have prosecuted an appeal from that judgment.

■ The deed to the Life Insurance Company under foreclosure proceedings was executed by O. V. Bennett as substitute trustee, under appointment by J. H. Magee, assistant treasurer of the Life Insurance Company after resignation of Fred P. Hayward, the original trustee named in the deed of trust.

Article 1322, Rev.Civ.Statutes, reads as follows: "Any corporation may convey lands by deed, sealed with the common seal of the corporation, and signed by the president or presiding member or trustee of said corporation, or in common form without seal by its attorney in fact where the instrument constituting such attorney in fact is executed in said manner first mentioned. Such deed, when acknowledged by such officer or attorney in fact to be the act of the corporation, or proved in the manner prescribed for other conveyances of lands, may be recorded in like manner and with the same effect as other deeds."

It is insisted that the deed made by the substitute trustee to the John Hancock Mutual Life Insurance Company under the foreclosure proceedings was void, since the appointment of the substitute trustee was an incident to the conveyance made by him to the company, and therefore it was required that it be made by the same authority necessary to a deed by the corporation to land.

We believe that contention is without merit. It is manifest that the provisions of article 1322, Rev.Civ.Statutes, apply only to deeds by a corporation. Furthermore, by article 1323, as amended by Acts 1927, c. 235, § 1 (Vernon's Ann.Civ.St. art. 1923), it is specifically provided that a majority of the board of directors or trustees are competent "to transact all business of the corporation." The provisions of the deed of trust in question, authorizing appointment of a substitute trustee, are not set out in the pleadings. In order to show equitable grounds for cancellation, it was incumbent on the pleaders to negative every fact reasonably supposable that would have shown a valid appointment of the

substitute trustee. In the pleadings of both appellants there is an absence of any allegation that the board of directors of the Life Insurance Company did not authorize and empower J. H. Magee, assistant treasurer of the company, to appoint O. V. Bennett the substitute trustee, and in the absence of any showing that the deed of trust contained any provision denying the right to appoint a substitute trustee in the manner he was appointed, as was true in some of the cases cited by appellants, such as Michael v. Crawford, 108 Tex. 352, 359, 193 S.W. 1070, such action on the part of the board of directors must be presumed, especially since the corporation ratified the sale by accepting the deed made by the substitute trustee. Stipulations in a deed of trust for sale of the mortgaged property to satisfy the debt secured are contractual, and the presumed authority of the board of directors to the assistant treasurer of the company to appoint the substitute trustee was not forbidden by any statute. Moreover, the sale made by the substitute trustee was of the mortgagor's equity in the property and not a sale of title owned by the corporation. Hampshire v. Greeves, 104 Tex. 620, 143 S.W. 147; 29 Tex.Jur., § 129, p. 162.

Following are statutes of Texas (article 3996, as amended by Acts 1927, c. 30, § 1 [Vernon's Ann.Civ.St. art. 3996], and art. 3997) invoked by appellants:

"Art. 3996. *Conveyance to defraud* Every gift; conveyance, assignment, or transfer of, or charge upon, any estate real or personal, every suit commenced, or decree, judgment or execution suffered or obtained and every bond or other writing given with intent to delay, hinder or defraud creditors, purchasers, or other persons of or from what they are, or may be, lawfully entitled to, shall, as to such creditors, purchasers or other persons, their representatives or assigns, be void. This article shall not affect the title of a purchaser, for valuable consideration, unless it appear that he had notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor."

"Art. 3997. *Voluntary conveyance* Every gift, conveyance, assignment, transfer or charge made by a debtor, which is not upon consideration deemed valuable in law, shall be void as to prior creditors, unless it appears that such debtor was then possessed of property within this State sub-

ject to execution sufficient to pay his existing debts; but such gift, conveyance, assignment, transfer or charge shall not on that account merely be void as to subsequent creditors, and though it be decreed to be void as to a prior creditor, because voluntary, it shall not for that cause be void as to subsequent creditors or purchasers."

"A deed from a husband to his wife or from a parent to his child on an expressed consideration of love and affection is not supported by a valuable consideration although it vests title as between the parties. As to creditors the demands of the statute are not met, the circumstances being such as to render the transaction fraudulent, unless there is a showing of the payment of a 'valuable consideration'. Such a conveyance is a voluntary one." 20 Tex.Jur., § 56, p. 415.

"Under article 3997 of the Revised Statutes a voluntary conveyance is fraudulent as to prior creditors unless it appears that the debtor was, at the time of the conveyance, 'possessed of property within this state subject to execution sufficient to pay his existing debts.' It follows that a voluntary conveyance of property subject to execution by an insolvent debtor or by one who thereby puts without the reach of his creditors all his property subject to payment for their debts, is void as to existing creditors.

"By force of the statute a presumption arises that a deed of gift is fraudulent as to pre-existing debts, and it is incumbent on the grantee, if the conveyance is attacked by a creditor, to show that at the time of the transaction he had property, other than that in controversy, subject to execution sufficient to pay the plaintiff's debt. As between the parties, however, the conveyance is valid, and the statute expressly provides that a gift shall not, because it is voluntary, be void as to subsequent creditors or purchasers." 20 Tex.Jur. § 58, p. 416.

Numerous decisions are cited in the footnotes supporting those texts and others in the same volume to a like effect; and under those authorities we believe it clear that the facts alleged by appellants, which must be accepted as true in testing the general demurrer, show that the conveyance of John A. Jackson to his two children was a voluntary conveyance in fraud of his creditors, and therefore invalid as against

the debts he then owed, as alleged in the pleadings of appellants.

The right of the administrators to maintain this suit is strenuously challenged by the appellees. They cite the following from 14 Tex.Jur. p. 340:

"Although a personal representative may sue to set aside a transaction for fraud practiced on his decedent, he may not bring suit for the purpose of setting aside a transfer or conveyance made by his decedent, on the ground that such transfer or conveyance was made in fraud of creditors. The reason is that the transaction was valid as regards the rights of the deceased, although it might have been avoided at the suit of an injured creditor, and the deceased, therefore, had no title or interest in the property—not even a right of action to set it aside—which could pass to the representative. The representative's right can be no greater in this respect than that of his decedent.

"Where a petition by a personal representative shows that the suit is one to set aside a transfer made by his testator or intestate as having been in fraud of creditors, a general demurrer will lie, for the petition fails to state a cause of action."

Also the following from Willis & Bro. v. Smith, 65 Tex. 656: "But the case is different when property has been conveyed by a decedent in fraud of his creditors. Such property forms no part of his estate, and, hence, the administrator has no concern with it whatever. All the title of the grantor passed to his fraudulent grantee, subject only to the right of the defrauded creditor to have the conveyance set aside, so far as his debt is concerned, and the property made liable for its payment. As to subsequent creditors, the title of the grantee is good, and the fraudulent grantor has no right in it whatever. He has no title which can descend to his heirs, or vest in his executor or administrator for the payment of debts. As none but prior creditors have any claim against the property, and the estate has no title to it, these creditors are the only parties who can sue to subject it to their debts, and an administrator would not be a proper plaintiff in such a proceeding."

Also from Wilson v. Demander, 71 Tex. 603, 9 S.W. 678, 679: "The proposition that an administrator cannot maintain a suit to set aside a deed made by his intestate, upon the ground that such deed was fraudulent as to the creditors of the intestate, is too well settled, we think, to demand or justify the discussion of it now. However fraudulent the conveyance may have been, the intestate was bound by it, and could not himself have maintained a suit to set it aside."

Other decisions to a like effect are cited.

Article 1201, Rev.Civ.Statutes of 1879, same being article 1836, Rev.Civ.Statutes of 1911, reads: "Suits for the recovery of personal property, debts or damages, and suits for title or for the possession of lands, or for any right attached to, or growing out of, the same, or for any injury or damage done thereto, may be instituted by executors, administrators or guardians appointed in this state, in like manner as they could have been by their testator or intestate; and judgment in such cases shall be as conclusive as if rendered in favor of, or against, such testator or intestate; but such judgment may be set aside by any person interested for fraud or collusion on the part of such executor or administrator."

It will be observed that in that article the language quoted, "in like manner as they could have been by their testator or intestate," was a limitation of the general powers of such representatives to use ordinary diligence to collect claims due the estate and recover possession of property of the estate, and making them and the sureties on their bonds liable to any person interested in the estate for the amount of such claims or the value of said property as may have been lost by their neglect to use such diligence, as required by article 3429, Rev.Civ.Statutes of 1925.

Practically all of the decisions last referred to above were rendered while that statute was in effect. And the article is cited by the Supreme Court in Wilson v. Demander, 71 Tex. 603, 9 S.W. 678.

However, the article above referred to is carried forward in the Revised Statutes 1925, as article 1981, and in that codification the language, "in like manner as they could have been by their testator or intestate," was omitted.

We therefore overrule the contention of the appellee that plaintiff, as administrator of the estate of John A. Jackson, deceased, was without authority to maintain the suit for the benefit of those creditors who were defrauded by the conveyance from John A. Jackson to his two daughters. Especial-

ly so in view of some of the early decisions recognizing exceptions to the general rule that the legal representatives of the deceased cannot maintain a suit to set aside a fraudulent conveyance made by the deceased, such as Danzey v. Smith, 4 Tex. 411; Hunt, Adm'r, v. Butterworth, 21 Tex. 133, 73 Am.Dec. 223; to say nothing of authorities in other states noted in 135 Am. St.Rep. p. 332; 23 C.J. § 368, pp. 1155 and 1156, to a like effect.

And in view of the further fact that if the conveyance is canceled at the suit of creditors in their own right, independently of any action by the administrator, the property then becomes an asset of the estate, subject to the right of the administrators to take and hold possession of it in trust to be disposed of in accordance with the statutes in such case made and provided, the same as any other asset. Article 3314, Rev.Civ.Statutes 1925.

In the case of Eckert v. Wendel, 120 Tex. 618, 40 S.W.(2d) 796, 797, 76 A.L.R. 855, this was said by Justice Greenwood: "The law is settled in Texas that a creditor, though he have no specific lien, may maintain an action in equity to vacate a fraudulent conveyance of his debtor's land."

Many other decisions are cited to the same effect, and none are cited by the appellee to the contrary.

In 14 Tex.Jur. § 365, it is pointed out that a trustee under a mortgage with power of sale may sell property for the purpose of satisfying the debt secured if there has been no administration on the estate, yet in section 362, p. 129, of the same volume, this is said: "We have heretofore noticed the general rule that claims secured by mortgage, deed of trust or other lien must be presented as other claims for money and cannot be enforced except in the probate court and in the manner provided by the statute. It is pointed out by the authorities that the statutes regulating the probate of claims are so inconsistent with the execution of a power of sale provided for in such instruments that if not revoked by the death of the mortgagor or grantor, the power is so suspended by death that it cannot be executed. A sale by a trustee or mortgagee in such cases is therefore of no effect, is unauthorized and void, because the lien cannot be enforced except in the probate court in the statutory mode. This rule prevails even though the parties have contracted that the death of the mortgagor shall not nullify the power to sell the property, and that the holder of the claim shall not be required to resort to probate proceedings. As with other judgments, a judgment of foreclosure cannot be enforced through the probate court. A sale under the power is void and passed no title."

It follows, therefore, that the sale by the substitute trustee, without presentation and allowance of the claim in the probate court, was of no force and effect as against the suits of the appellants to cancel it.

But the cancellation of the conveyance will be without prejudice to the privilege of the appellee to enforce whatever rights it · may have under the notes and deed of trust through the probate court in accordance with the statutes in such case made and provided, which court is vested with original jurisdiction to determine that issue, and upon which we express no opinion. And since it is manifestly impossible for appellants to show the amount of claims that may be established against the estate of John A. Jackson, deceased, in the probate court, they were not under the burden to allege that after payment of all such debts there would remain an equity in the land in question subject to the unsecured debts in controversy, as further insisted by appellee.

Accordingly, the judgment of the trial court is reversed, and the cause is remanded for further proceedings not inconsistent with the conclusions here reached.