**GUARANTY BUILDING & LOAN CO. et al.**
**v. KELLER et al.**

No. 13544.

Court of Civil Appeals of Texas. Fort
Worth.

April 2, 1937.

Rehearing Denied May 7, 1937.

Samuel Peterson and Raymond Edwards,
both of San Antonio, for plaintiffs in error.

BROWN, Justice.

Mrs. Lelia M. Miller, prior to her demise in December, 1931, was indebted to the Guaranty Building & Loan Company, in the sum of $2,500, for which she had executed her note, and to secure which she gave a lien on certain real estate. She was likewise indebted to Campbell Lumber Company in the sum of $1,333.33, represented by a promissory note, secured by a lien on certain other real estate.

A few days before her demise, while bed-ridden from a "stroke," Mrs. Lelia M. Miller conveyed to her daughter, Mrs. Dorothy E. Keller, two pieces of real estate, on which the above creditors had no contract lien, as well as a certain promissory note owned by Mrs. Miller, which was secured by a vendor's lien on certain other premises.

After the death of Mrs. Lelia M. Miller and after one John Gerhart had duly qualified as administrator of Mrs. Miller's estate, the Guaranty Building & Loan Company filed suit in the district court of Bexar county, alleging that its debt and lien had been duly established in the probate court of Bexar county; that the property conveyed by its lien was not sufficient in value to discharge its indebtedness; that the conveyances and the assignment of the vendor's lien note, above mentioned, by Mrs. Miller to her daughter, Dorothy E. Keller, were without valuable consideration, were voluntary conveyances, made at a time when Mrs. Miller was not possessed of property within the state of Texas subject to execution sufficient to pay her existing debts, and that the property conveyed by Mrs. Miller to her said daughter was all of the property Mrs. Miller owned except that covered by the Guaranty Building & Loan Company's lien, and the lien of the Campbell Lumber Company, which last indebtedness and lien had been transferred to one A. P. Caldwell.

The suit thus brought seeks to cancel the said deeds and assignment from Mrs. Miller to Dorothy E. Keller, on the theory that same are void, as against the rights and claims of the Guaranty Building & Loan Company, the conveyances and assignment having been made with intent to delay, hinder, and defraud the creditors of Mrs. Miller, and particularly the Guaranty Building & Loan Company, and the prayer is for cancellation of such conveyances and assignment, and that the property involved therein be made subject to the payment of the indebtedness of the Guaranty Building & Loan Company.

In this suit A. P. Caldwell, the assignee and owner of the Campbell Lumber Company's debt and lien, intervened, prayed for the same relief, and showed that his debt and lien had been duly established by the probate court of Bexar county, and his allegations are similar to those made by the Guaranty Building & Loan Company.

John Gerhart, administrator of the estate of Mrs. Lelia M. Miller, intervened and seeks to recover of Dorothy E. Keller and her husband, Joseph O. Keller, who was also made a party defendant in the trial court, the title and possession of the property described in the two conveyances, and the assignment made by Mrs. Lelia M. Miller to her said daughter, Dorothy E. Keller.

After generally denying the allegations in the original petition and the petitions of intervention, by trial amendment Dorothy E. Keller and her husband alleged that

the conveyances made to her and the assignment from Mrs. Lelia M. Miller were made in good faith for a valuable consideration of about $1,000, paid by Dorothy E. Keller on a certain indebtedness owing by Mrs. Miller, the repayment of which Mrs. Miller promised, with interest, from about February 15, 1911. It was further alleged that about $1,600, belonging to Dorothy E. Keller, was placed in Mrs. Miller's hands for the use and benefit of Mrs. Keller, but that Mrs. Miller applied such funds to her own use and benefit, for all of which she became liable to Mrs. Keller, with interest from about March, 1903.

It was further alleged that Mrs. Keller paid out for improvements and other items the sum of about $335 for Mrs. Miller and for which Mrs. Miller promised to pay her with interest; and it was further alleged that Mrs. Keller rendered certain services to Mrs. Miller in her last days, of the approximate value of $470, the period of such services being from December, 1929, to December, 1931.

The Guaranty Building & Loan Company and the said interveners, answering such trial amendment, pleaded, among other things, that the items of indebtedness set up in the trial amendment were barred by the statutes of limitation.

The cause was tried to the court without the intervention of a jury and judgment was rendered that the Guaranty Building & Loan Company and the interveners, A. P. Caldwell and John Gerhart, administrator of the estate of Mrs. Miller, take nothing. Exception was taken to this judgment and the cause was duly appealed to the Court of Civil Appeals for the San Antonio district and same was by the Supreme Court transferred to this Court of Civil Appeals.

The parties will be designated as appellants and appellees.

There are no briefs on file for appellees.

The two deeds from Mrs. Miller to Mrs. Keller, conveying two separate and distinct parcels of land recite:

"For and in consideration of the sum of $1.00 and love and affection to me in hand paid by Mrs. Dorothy E. Keller, my daughter, the receipt of which is hereby acknowledged."

However, one of the deeds recites the assumption and agreement by the grantee to pay a balance on a certain promissory note. The assignment of the vendor's lien note from Mrs. Miller to Mrs. Keller recites a consideration of $2,000 in hand paid, the receipt of which is acknowledged. No cash was actually paid.

The deeds executed by Mrs. Miller are dated November 27, 1931, and are acknowledged before Chas. E. Smith, a notary public, on December 15, 1931; they were signed by Mrs. Miller, making her mark and show to have been filed for record on January 2, 1932.

The assignment of the vendor's lien note bears the dates and the signature, by mark, just as the two deeds. The grantor was paralyzed and could not sign her name.

Evidence was introduced showing that the property conveyed by Mrs. Miller to her daughter, Mrs. Keller, were all the properties she owned, save and except the properties on which the appellants, holding debts, have contract liens, and that the value of the properties on which such liens now rest is not sufficient to pay appellants' debts.

Mrs. Keller testified, in substance, that she knew nothing of her mother's intention to deed or convey any property to her, but that she expected her mother to will the property to her, and that the first time she heard of any deeds was when Mr. Chas. E. Smith, who prepared the deeds and who is the notary who purported to take Mrs. Miller's acknowledgments, brought them out. She further admitted that she was never given possession of the vendor's lien note assigned to her. It is rather significant that Chas. E. Smith gave no testimony concerning what was said to him by Mrs. Miller when he prepared the deeds and what was said to him by Mrs. Miller when she signed these instruments and acknowledged same before him. In so far as the record goes, we do not know to whom, if to any one, Smith gave the deeds, or what instructions, if any, Mrs. Miller gave him. In the absence of this evidence, although disposed to render this case, we feel that justice will be best subserved by remanding the cause for a new trial.

This court, speaking through Chief Justice Dunklin, in First National Bank, Executor et al. v. John Hancock Mutual Life Ins. Co. et al., 101 S.W.(2d) 1062, expresses the views of this court under such circumstances as are shown in the record before us.

See, also, New England Loan & Trust Co. v. Avery (Tex.Civ.App.) 41 S.W. 673;

Walker & Lybrook v. Loring, 89 Tex. 668, 36 S.W. 246; Taylor v. Callahan (Tex. Civ.App.) 83 S.W.(2d) 1072; Kelley v. Stubblefield (Tex.Civ.App.) 26 S.W.(2d) 281; Clement v. First National Bank, 115 Tex. 342, 282 S.W. 558; 20 Tex.Jur. p. 416, § 58, p. 498, § 145.

We do not believe that the judgment of the trial court is supported by the evidence.

The judgment of the trial court is reversed and the cause remanded.