**IBANEZ et ux. v. STATE.**

No. 3690.

Court of Civil Appeals of Texas. El Paso.

June 2, 1938.

W. H. Fryer and Coyne Milstead, both of El Paso, for appellants.

Roy D. Jackson, Dist. Atty., and Theodore Andress, both of El Paso, for the State.

NEALON, Chief Justice.

The State of Texas, acting through its District Attorney of the Thirty-fourth Judicial District, filed this suit against appellants Desiderio Ibanez and wife, Maria Kaliski de Ibanez, alleging that the husband, on or about February 1, 1936, had conveyed to the wife certain described real estate in El Paso County for a recited consideration of $900 and the assumption of $1200 in notes secured by a lien on the land and the further assumption of the accrued and unpaid taxes. The deed was filed for record in the office of the County Clerk of El Paso County on February 3, 1936, and thereafter duly recorded. Appellee alleged that the conveyance was made by the husband with the intent to hinder and defraud his creditors, including appellee; that the husband did not at the time possess other property within the State of Texas subject to execution sufficient to pay his debts and obligations; that no consideration was paid the husband out of the personal and separate funds of the wife for the conveyance. Appellee prayed that it have judgment against defendants setting aside and holding for naught said conveyance and decreeing the property to be the community property of the defendants, foreclosing appellee's judgment lien against the property, and for general and special relief, legal and equitable.

Defendants answered with plea of general denial; and Maria Kaliski de Ibanez answered specially that the property was her sole and separate property; that she acquired it on May 17, 1935, by conveyance from Esther Garcia and husband by deed which was filed for record May 29, 1935, and that said property had never been the community property of appellants. She prayed that the property be adjudged to be her sole and separate property, and that her title thereto be quieted and the cloud created by plaintiff's lien be removed.

The case was tried to a jury, which, in response to special issues, found that the cash payment made upon the real estate at the time it was purchased had not been given to the wife; that the husband deeded the property to his wife on February 1, 1936, with the intention and desire to place it beyond the reach of his creditors; that the wife accepted the conveyance with knowledge of the husband's intention and desire; that at the time of the purchase of the property on May 17, 1935, it was not the intention of the husband and wife that the husband "should have or own no interest in such property." Judgment was entered in favor of the State, and this appeal is taken from said judgment.

From the evidence it appears that Desiderio Ibanez, together with Amador Espinosa and Alejandro Gomez, was indicted by the Grand Jury of El Paso County, Texas, on September 27, 1935, for the offense of kidnapping, a felony; that capias issued, and that on the same day the said appellant executed and delivered to the sheriff of El Paso County, Texas, his bail bond in the sum of One Thousand Dollars; that Desiderio Ibanez and his codefendants executed and filed in the trial court their motion for severance and agreement as to order of trial; that the codefendant Gomez went first to trial and was convicted on November 8, 1935, and his sentence was fixed by the jury at ten years; that the codefendant Espinosa went next to trial and was convicted on December 17, 1935, and his punishment was fixed by the jury at a fine of One Thousand Dollars. Appellant, Desiderio Ibanez' trial was first set for December 18, 1935, and upon his failure to appear for trial the first judgment nisi was taken on December 18, 1935. This was dismissed on the State's motion on May 22, 1936. The trial of appellant Desiderio Ibanez was again set for May 25, 1936, and upon his failure again to appear for trial another judgment nisi was taken on May 25, 1936. Final judgment was rendered September 22, 1936, forfeiting said bail bond as against the appellant Ibanez and his sureties.

The property in question was conveyed by Esther Rodriguez de Garcia and husband to Maria Kaliski de Ibanez by deed dated May 16, 1935. The deed was acknowledged May 17, 1935, filed for record May 29, 1935, and recorded June 6, 1935. It did not recite that any part of the consideration was paid or to be paid out of the separate property of the grantee, or that it was conveyed to her as her separate

estate. By deed dated February 1, 1936, and purporting to be executed at Juarez, Chihuahua, Mexico, filed for record in the office of the County Clerk February 3, 1936, and duly recorded February 15, 1936, Desiderio Ibanez conveyed the property to his wife one of appellants herein.

Any other statements of facts necessary to an understanding of the issues will be contained in the opinion upon the issues raised on appeal.

### Opinion.

█ No contention is made in the brief filed by appellants that the wife paid any consideration to the husband for the conveyance from him to her. Therefore, as the husband's obligation to the State existed prior to the execution and delivery of the deed, and it was not shown that he had any other property in the State sufficient to satisfy the State's claim, the conveyance was void as to appellee insofar as it attempted to convey any interest belonging to the husband. Revised Statutes, Art. 3997; First National Bank of Ft. Worth v. John Hancock Mutual Life Ins. Co., Tex.Civ.App., 101 S.W.2d 1062; O'Banion, Sheriff, v. Henry, 128 Tex. 59, 96 S.W.2d 233; Hartman v. Hartman, Tex.Civ.App., 32 S.W.2d 233; Kelley v. Stubblefield, Tex.Civ.App., 26 S.W.2d 281; Guaranty B. & L. Co. v. Keller, Tex.Civ. App., 104 S.W.2d 889, and cases cited.

From what has been said it follows that any right of the wife to prevail must depend upon the status attaching to the property at the time of the deed from Garcia. There was sufficient evidence to call for a submission of this issue to the jury. She contends upon this appeal that it was not properly submitted and that the manner of submission did not present to the jury fairly her theory as to her rights. One of her contentions is that, irrespective of the source of the original cash payment, the property became her separate estate because her husband directed the deed to be made to her for the purpose of giving the land that character and the deed was taken in her name to effect that purpose. She relies upon the holding of this Court in Armstrong v. Turbeville, 216 S.W. 1101, which is undoubtedly a correct statement of the law. Was the question as to the intention of the parties submitted in such manner as to fairly present the issue? To cover this theory the Court submitted the following special issue: "Question No. Four: Do

you find from a preponderance of the evidence that at the time of the purchase of the property described in the pleadings, on May 17, 1935, that it was the intention of the defendant Desiderio Ibanez and Maria Kaliski de Ibanez that the said Desiderio Ibanez should have or own no interest in said property? Answer 'yes' or 'no.'" Appellant Maria Ibanez objected to the form of the issue as submitted upon several grounds, the most pertinent being to the effect that it placed a burden upon her that the law did not impose in that it required her to show that the husband had "no interest" rather than that the property was her separate property. Accompanying her objection was a request that the issue be submitted affirmatively presenting her theory that the property was her separate property. In addition to making these objections and excepting to the Court's action in overruling them, she presented requests that the following issues be submitted:

"Do you find from a preponderance of the evidence that Desiderio Ibanez directed Bernard Schuster to make the deed dated May 17, 1935 from Esther Rodriguez de Garcia and Herminio Garcia Camus to Maria Kaliski de Ibanez for the purpose and with the intent to make the property conveyed her separate property."

"Do you find from a preponderance of the evidence that at the time of the delivery of the deed from Esther Rodriguez de Garcia and Herminio Garcia Camus dated May 17, 1935 it was intended that the property should be the separate property of Maria Kaliski de Ibanez, and that the deed was taken in her name for that purpose?"

█ These special requests were refused and the defendant wife excepted. She now contends that the Court's action in this respect was prejudicial to her and prevented a submission of her theory to the jury, insisting that the husband has "some interest" in the separate property of his wife, being entitled to one half the rents and revenues, and being entitled to establish a homestead thereon. We think her contention is correct. In Parks v. Worthington, 101 Tex. 505, 109 S.W. 909, the Supreme Court, in referring to the separate property of the wife, said (page 911): "The husband would, in such event, be interested in the purchase, because the property would become subject to his management, and its fruits and revenues.

would fall into the common estate of himself and wife," etc. While the question now at issue was not before the Court, the view of the Supreme Court thus expressed fairly indicates that the question did not present the defense made by the wife in this case. We can only speculate as to the meaning that the jury gave to the phrase "should have or own no interest in said property." The objection was specific and called the Court's attention to the vice in the charge which is now complained of and was sufficient to require the Court to submit the issue in correct form. Gulf, C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183. The assignments complaining of the form in which the issue was submitted and the failure of the Court to submit a properly framed issue are sustained. We are not holding, however, that issues Nos. 3 and 4 are correct in form. Neither was accompanied with a definition of the term "separate property," and No. 4 omits to indicate whose intention was controlling in the matter of the effect to be given to the deed.

 In their fourth assignment of error appellants complain of the admission in evidence of the indictment, the capias, the sheriff's return, the bond, the motion and order granting a severance and the judgments of conviction and sentence of Gomez and Espinosa. Upon another trial the judgments of conviction and sentence of Gomez and Espinosa should be excluded. They do not bear upon the issues involved and their admission can hardly fail to be prejudicial. The admission of the other documents, entries and orders was proper. There is no merit in the contention that they were rendered inadmissible because all antecedent claims were merged into the judgment. The judgment was rendered subsequent to the deed from the husband to the wife, and it was necessary for the State to prove that prior to the making of the conveyance it had a valid claim against the husband before it could establish its right to set aside the alleged fraudulent transfer from the husband, under the facts here presented.

 By her fifth and sixth assignments of error appellant wife challenges the action of the court in admitting testimony of Chas. Owen that he received written notice from the District Attorney of the setting of the criminal case against Ibanez for trial on December 16, 1935, first, upon the ground that it was immaterial and hearsay as to her, and next because it was a confidential communication between attorney and client, Mr. Owen being the attorney for the husband in the criminal case. We find no error in the admission of the testimony. The motive of Ibanez in executing the second deed was a vital question in the case and the wife may not take advantage of the objection that the communication was privileged as being between attorney and client. This objection may be raised only by the client. McCormick & Ray's Texas Law of Evidence, Sec. 229 and cases cited.

 Objection was made and error is assigned to the admission of the evidence of W. B. Dodrill and Lee Dodrill to the effect that the husband stated to the witnesses that he owned the property in question. The record is in some confusion as to which of these declarations, if any, were made in the presence of the wife. Those made in her presence and within her hearing are admissible. Those that were not made in her presence are inadmissible. Matador Land & Cattle Co. v. Cooper, 39 Tex.Civ.App. 99, 87 S.W. 235; Gilbert v. Odum, 69 Tex. 670, 7 S.W. 510; Earhart v. Agnew, Tex.Com.App., 222 S.W. 188. This evidence does not bring the declarations made when the wife was not present within the exception to the general rule that was applied in Johnson v. Lagow, Tex. Com.App., 14 S.W.2d 818. As the Commission there said, "Before such declarations are brought within the exception, it is essential that a foundation must be first laid by proof, sufficient, in the opinion of the court, to prima facie establish the existence of concert or collusion." There was no evidence that at the time at which it is claimed the husband made the declarations, appellants had conspired to defeat the State's claim. Indeed the declarations, it was said, were made in connection with an offer of sale which assumed the purchaser would pay the State's demand. The mere fact that the husband was a party pro forma did not render the declarations admissible.

 The objection of appellant Maria Ibanez to the testimony of Sydney Smith as to statement of the husband that he wanted the balance of a collection in order to use it in buying a house should have been sustained. The husband's title is not involved in this suit. Any interest that he has is

subject to the execution in favor of the State. The only title involved is that claimed by the wife, and these statements were hearsay as to her. No question was raised as to the ability of the husband to purchase a house in El Paso at the time the first deed was executed. The evidence indicates that he was solvent, and there is no indication that he was insolvent. A gift from him to his wife would have been lawful. Upon another trial this evidence should be excluded.

There was no error in excluding the proffered testimony of Pete Payan which was a self-serving statement of Mrs. Ibanez to the effect that the property belonged to her and not to her husband.

On account of the errors pointed out the judgment is reversed and the cause is remanded.